# UNITED STATES DISTRICT COURT

# OF MARYLAND (SOUTHERN DIVISION)

```
**********************************
GARY HAMILTON                    *    Civil Action No.: 8:26-cv-00482-AAQ

         Plaintiff,              *

            v.                   *

PNC BANK, NATIONAL ASSOCIATION,  *

           And                   *

EARLY WARNING SERVICES, LLC,     *
 Resident Agent: National Corporate  *
Research, Ltd. 836 Park Avenue,      *
Second Floor Baltimore, MD 21201     *
                                 *

         Defendants.             *

**********************************
```

_____ FILED   _____ ENTERED
_____ LOGGED  _____ RECEIVED

FEB 1 2 2026

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                    DEPUTY

## PLAINTIFF'S FURTHER SUPPORT MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Gary Hamilton ("Plaintiff"), proceeding pro se, respectfully moves this Court for appointment of counsel pursuant to **28 U.S.C. § 1915(e)(1)**. In support, Plaintiff states as follows:

## I. INTRODUCTION

1. Plaintiff brings this civil action under the **Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.**, alleging willful statutory violations arising from Defendants' reliance on consumer-reporting information and their failure to comply with mandatory disclosure and adverse-action duties.

2. Plaintiff respectfully requests that the Court appoint counsel because Plaintiff is unable to afford representation, and because this case presents the "exceptional circumstances" recognized by the Fourth Circuit, including (i) a colorable federal claim and (ii) Plaintiff's inability to fairly litigate the case without counsel given its complexity, discovery demands, and Defendants' superior litigation resources.

## II. BACKGROUND

3. Plaintiff alleges that Defendant **PNC Bank, National Association ("PNC")** denied Plaintiff's application for a checking and savings account after relying, at least in part, on information obtained from Defendant **Early Warning Services, LLC ("EWS")**, a consumer reporting agency.
4. Plaintiff further alleges that Defendants failed to comply with statutory duties under the FCRA, including adverse-action and disclosure requirements, and that Defendants' violations were willful within the meaning of **15 U.S.C. § 1681n**.
5. Plaintiff anticipates that resolution of the claims will require formal discovery regarding Defendants' internal reporting systems, adverse-action notice procedures, consumer-file contents, and communications between PNC and EWS.

## III. GOVERNING LEGAL STANDARD

6. Under **28 U.S.C. § 1915(e)(1)**, a federal court "may request an attorney to represent any person unable to afford counsel."
7. The Fourth Circuit has held that appointment of counsel in civil cases is appropriate where "exceptional circumstances" exist. See **Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984)**.
8. In **Jenkins v. Woodard, 109 F.4th 242 (4th Cir. 2024)**, the Fourth Circuit reaffirmed the controlling framework requiring a fact-specific two-part inquiry:

   (1) whether the plaintiff presents a **colorable claim**, and
   (2) whether, considering the complexity of the claim and the plaintiff's abilities, the plaintiff **lacks the capacity to present the case**.

9. This inquiry requires consideration of the objective difficulty of the litigation as well as the practical burdens facing a pro se litigant, including the need for discovery, evidence gathering, and adversarial procedure.

## IV. ARGUMENT

### A. Plaintiff Is Unable to Afford Counsel

10. Plaintiff lacks the financial ability to retain counsel at prevailing market rates. Plaintiff's financial condition includes substantial monthly obligations and consumer debt, leaving no practical ability to pay private counsel or litigation costs.
11. Plaintiff is filing (or will file) an application to proceed **in forma pauperis** to document indigency and inability to prepay filing fees and costs.

### B. Plaintiff's Claims Are Colorable and Non-Frivolous

12. Plaintiff's claims arise under federal statutory provisions of the FCRA that impose mandatory duties on consumer reporting agencies and entities using consumer reports.

13. Plaintiff alleges concrete statutory violations, including failure to provide required disclosures and adverse-action compliance, and alleges willful noncompliance under **15 U.S.C. § 1681n**.

14. These allegations establish that Plaintiff's claims are at least colorable and non-frivolous under the first prong of the **Jenkins/Whisenant** analysis.

## C. The Case Is Objectively Complex and Will Require Extensive Discovery

15. FCRA litigation is technical and evidence-driven. Liability and damages will depend on specific facts such as:

a. the exact consumer report(s) obtained or generated;
b. the data fields and consumer-file information relied upon;
c. the internal criteria and adverse-action procedures used by PNC;
d. the content and timing of notices, disclosures, and file releases;
e. whether Defendants' conduct was willful or reckless; and
f. the existence of systemic practices affecting Plaintiff and similarly situated consumers.

16. These facts are largely within Defendants' possession and cannot be proven without formal discovery tools, including subpoenas, document requests, interrogatories, and potential depositions.

17. Such discovery requires knowledge of federal procedural rules and litigation practice beyond the reasonable capacity of an ordinary pro se litigant.

## D. Plaintiff Lacks Capacity to Present This Case Without Counsel, Particularly Against Two Sophisticated Corporate Defendants

18. The second prong of the **Jenkins/Whisenant** analysis requires evaluation of Plaintiff's ability to litigate the case in light of the skills required.

19. Plaintiff faces litigation against **two sophisticated corporate Defendants**—a national banking association and a major consumer reporting agency—each of whom has vast institutional resources, compliance departments, and the ability to retain experienced defense counsel.

20. Defendants' superior litigation resources will likely be deployed through dispositive motions, discovery objections, privilege assertions, and expert-driven defenses. Plaintiff, without counsel, is materially disadvantaged in responding to such litigation tactics.

21. Moreover, Defendants possess the core evidence needed to prove Plaintiff's case, including internal compliance systems, adverse-action notice templates, electronic audit logs, reporting workflows, and communications between PNC and EWS.

22. This case therefore presents the precise "exceptional circumstances" contemplated by **Jenkins** and **Whisenant**, because Plaintiff has colorable federal claims but

lacks the capacity to fairly litigate them without counsel due to the complexity of the issues and the institutional imbalance between the parties.

## E. Appointment of Counsel Will Promote Fairness and Efficient Case Management

23. Appointment of counsel will promote the interests of justice by ensuring that relevant issues are presented in admissible form, discovery is properly conducted, and the case proceeds efficiently.
24. Without counsel, Plaintiff faces substantial risk that the case will be decided on procedural deficiencies rather than the merits, contrary to the fair administration of justice.

## V. CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. **Request volunteer counsel** to represent Plaintiff pursuant to **28 U.S.C. § 1915(e)(1)**;
B. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Gary Hamilton**
Plaintiff, Pro Se