# UNITED STATES DISTRICT COURT

# DISTRICT OF MARYLAND (SOUTHERN DIVISION)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **GARY HAMILTON** * | Civil Action No.: 8:26-cv-00482-AAQ |
| Plaintiff, * | |
| v. * | |
| PNC BANK, NATIONAL ASSOCIATION,* | |
| And * | |
| **EARLY WARNING SERVICES, LLC,** * | |
| **Resident Agent: National Corporate** * | |
| **Research, Ltd. 836 Park Avenue,** * | |
| **Second Floor Baltimore, MD 21201** * | |
| * | |
| Defendants. * | |

FILED ___ ENTERED
LOGGED ___ RECEIVED

FEB 1 2 2026

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

## INTRODUCTION

Plaintiff, adds a Co-Defendant, EARLY WARNING SERVICES, LLC,  in this case forthwith.

Further, Gary Hamilton ("Plaintiff"), proceeding pro se, brings this civil action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendants' use, publication, and maintenance of inaccurate consumer reporting information that resulted in the denial of Plaintiff's application for ordinary deposit account services, including checking and savings accounts.

This case concerns real-world financial harm. Plaintiff was denied access to ordinary banking services based in whole or in part on a consumer report and banking-risk score furnished by Defendant Early Warning Services, LLC ("EWS"), and relied upon by Defendant PNC Bank, National Association ("PNC"). Plaintiff repeatedly disputed the accuracy of the consumer reporting information and complied with identity verification requests, yet Defendants failed to correct the disputed information and continued to maintain and rely upon negative reporting indicators, reflecting reckless disregard of statutory duties and systemic indifference to consumer disputes.

## LIBERAL CONSTURCTION OF PRO SE PLEADINGS

Maryland courts have long recognized that filings by self-represented litigants should be treated with practical leniency and construed to reach the merits. See *Tretick v. Layman*, 95 Md. App. 62, 68–69, 619 A.2d 201 (1993) (recognizing liberal construction of pro se pleadings); *Douglas v. State*, 423 Md. 156, 172, 31 A.3d 250 (2011) (reaffirming that courts interpret pro se filings liberally to reach substance over form). Consistent with this principle, courts generally avoid resolving potentially meritorious matters on technical pleading defects when the litigant is unrepresented. This approach aligns with the federal standard that pro se pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

3. Plaintiff Gary Hamilton is an adult resident of Waldorf, Maryland.

4. Defendant PNC Bank, National Association ("PNC") is a national banking association that conducts business in Maryland and offers consumer deposit accounts.

5. Defendant Early Warning Services, LLC ("EWS") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), which compiles and furnishes consumer banking-risk

information, including deposit account screening data, inquiry data, negative account indicators, and scoring metrics, to financial institutions.

## FACTUAL ALLEGATIONS

6. Plaintiff applied for ordinary consumer deposit account services (checking and/or savings accounts) with PNC.

7. PNC denied Plaintiff's application and informed Plaintiff that the denial was based in whole or in part upon information received from consumer reporting agencies, including Early Warning Services ("EWS").

8. PNC specifically identified EWS as a consumer reporting agency source and represented that the EWS report contained, among other things, inquiry history, negative account indicators, average account longevity metrics, and an EWS score.

9. Plaintiff alleges that the EWS report and/or EWS score relied upon by PNC contained inaccurate information concerning Plaintiff's deposit-account history and/or negative account status.

10. Plaintiff disputed the accuracy of the information and sought reinvestigation and correction.

11. On or about November 20, 2025, Plaintiff received an email communication from EWS requesting identity verification documentation in connection with Plaintiff's dispute and/or request for file disclosure. Plaintiff responded and provided the requested identification information.

12. PNC likewise issued correspondence requesting additional personal information (including SSN and date of birth) in connection with Plaintiff's dispute. Plaintiff complied.

13. Despite Plaintiff's repeated disputes and compliance with identity verification requests, Defendants failed to correct or delete the disputed negative indicators and continued to maintain and disseminate adverse consumer reporting information.

14. Plaintiff alleges Defendants' conduct forced Plaintiff into repeated dispute cycles and prolonged denial of ordinary banking access.

15. Plaintiff suffered actual damages, including loss of access to ordinary banking services, financial disruption, humiliation, anxiety, frustration, and emotional distress.

16. Plaintiff alleges Defendants acted willfully and with reckless disregard of federally mandated duties by continuing adverse reporting and denial of services after notice and dispute.

## COUNT I — VIOLATION OF 15 U.S.C. § 1681e(b) (EWS — FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY)

17. Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

18. EWS is a consumer reporting agency subject to the requirements of 15 U.S.C. § 1681e(b).

19. EWS prepared and furnished a consumer report concerning Plaintiff that contained inaccurate information, including negative account indicators and/or a risk score not reflective of Plaintiff's true banking history.

20. EWS failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer report.

21. As a direct and proximate result, Plaintiff was denied ordinary banking services and suffered actual damages.

## COUNT II — VIOLATION OF 15 U.S.C. § 1681i (EWS — FAILURE TO CONDUCT REASONABLE REINVESTIGATION AFTER DISPUTE)

22. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff disputed inaccurate information in Plaintiff's EWS file.

24. EWS failed to conduct a reasonable reinvestigation and failed to correct or delete inaccurate information.

25. EWS continued to maintain and disseminate inaccurate adverse information after dispute notice.

26. Plaintiff suffered actual damages as a result.

## COUNT III — VIOLATION OF 15 U.S.C. § 1681g (EWS — FAILURE TO PROVIDE COMPLETE FILE DISCLOSURE)

27. Plaintiff incorporates paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff requested disclosure of Plaintiff's EWS file and consumer report information.

29. EWS failed to provide full and complete disclosure of Plaintiff's file and the sources of information relied upon.

30. Plaintiff suffered harm and was deprived of statutory rights under the FCRA.

## COUNT IV — VIOLATION OF 15 U.S.C. § 1681m(a) (PNC — ADVERSE ACTION NOTICE DEFICIENCIES)

31. Plaintiff incorporates paragraphs 1 through 30 as if fully set forth herein.

32. PNC took adverse action against Plaintiff by denying Plaintiff's deposit account application.

33. PNC relied on consumer reporting information, including EWS data, in taking adverse action.

34. Plaintiff alleges PNC failed to provide meaningful disclosure of the specific reasons for denial and failed to provide information sufficient for Plaintiff to understand and correct the adverse reporting.

## COUNT V — VIOLATION OF 15 U.S.C. § 1681s-2(b) (PNC — FAILURE TO REASONABLY INVESTIGATE AFTER NOTICE OF DISPUTE)

35. Plaintiff incorporates paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff disputed the accuracy of information that PNC furnished to consumer reporting agencies.

37. Upon information and belief, PNC received notice of Plaintiff's dispute and failed to conduct a reasonable investigation, failed to correct inaccurate information, and failed to modify or delete inaccurate reporting.

38. As a direct and proximate result, Plaintiff suffered actual damages.

## DAMAGES

39. Plaintiff seeks damages pursuant to 15 U.S.C. §§ 1681n and 1681o, including actual damages for emotional distress, inconvenience, humiliation, and loss of access to ordinary banking services.

40. Plaintiff also seeks statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A) for willful violations.

41. Plaintiff seeks punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) based on willful noncompliance and reckless disregard of statutory duties.

42. Plaintiff seeks attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

a. Award actual damages in an amount to be determined at trial;

b. Award statutory damages as permitted by law;

c. Award punitive damages as permitted by law;

d. Award attorney's fees and costs;

e. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Gary Hamilton

## CERTIFICATE OF SERVICE

I certify that on this ___9___ day of February 2026, I mailed a copy of this Motion by first-class U.S. Mail to Defendant or its counsel of record.

Gary Hamilton