UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Gary Hamilton,                               . Civil Action No. 8:26-cv-00482-AAQ

      Plaintiff,

          v

PNC Bank, N.A., and
Early Warning Services, LLC,

      Defendants.

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE SUPPORTING WILLFULNESS AND PUNITIVE DAMAGES

Plaintiff Gary Hamilton, proceeding pro se, respectfully submits this Notice to inform the Court of newly received documentary evidence directly relevant to Plaintiff's allegations of willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

This supplemental notice is submitted pursuant to Rule 15(d) of the Federal Rules of Civil Procedure to place before the Court post-filing conduct by Defendant Early Warning Services, LLC ("EWS") that further supports Plaintiff's claims of reckless disregard for statutory duties.

### I. Newly Received Correspondence from Early Warning Services

On or about **February 26, 2026**, Plaintiff received written correspondence from Defendant EWS acknowledging receipt of Plaintiff's consumer dispute. A copy of this correspondence is attached hereto as **Exhibit A – EWS's Letter Dated February 26, 2026**. I mailed a copy to PNC Bank N/A.

In that correspondence, EWS confirms that it **received Plaintiff's dispute request on February 23, 2026**, yet asserts that the documentation received from Plaintiff was "insufficient" and requests that Plaintiff identify the **"specific record" believed to be inaccurate** before EWS will proceed with processing the dispute.

### II. Statutory Reinvestigation Duty Triggered

Under 15 U.S.C. §1681i(a)(1)(A), once a consumer reporting agency receives a dispute regarding the completeness or accuracy of information contained in a consumer's file, the agency must conduct a **reasonable reinvestigation** to determine whether the disputed information can be verified.

1

As reflected in **Exhibit A – EWS's Letter Dated February 26, 2026**, Defendant EWS expressly acknowledges that Plaintiff's dispute was received on **February 23, 2026**, thereby triggering the statutory reinvestigation obligations imposed by the FCRA.

However, instead of initiating the required reinvestigation, EWS conditioned the reinvestigation process upon Plaintiff first identifying a "specific record," a prerequisite not required by the statute.

## III. Failure to Provide Consumer File Disclosure

Prior to receiving the correspondence identified as **Exhibit A – EWS's Letter Dated February 26, 2026**, Plaintiff had previously requested disclosure of the complete consumer file maintained by EWS pursuant to 15 U.S.C. §1681g.

To date, EWS has not produced:

• the complete contents of Plaintiff's consumer file;
• identification of the sources of the disputed information;
• internal codes or risk indicators transmitted to Defendant PNC Bank, N.A.;
• documentation reflecting reinvestigation procedures undertaken.

Without disclosure of the consumer file required under §1681g, Plaintiff cannot reasonably identify the specific record referenced by EWS.

## IV. Evidence of Reckless Disregard

The conduct documented in **Exhibit A – EWS's Letter Dated February 26, 2026** demonstrates that:

1. EWS acknowledged receipt of Plaintiff's dispute;
2. EWS refused to initiate the statutorily required reinvestigation;
3. EWS demanded that Plaintiff provide information not required by the FCRA; and
4. EWS failed to disclose Plaintiff's consumer file despite prior requests.

Such conduct supports Plaintiff's allegations that Defendants acted with **reckless disregard for their statutory obligations** under the Fair Credit Reporting Act.

Under governing precedent, willful violations of the FCRA include conduct carried out in reckless disregard of statutory duties.

## V. Relevance to Punitive Damages

The correspondence attached as **Exhibit A – EWS's Letter Dated February 26, 2026** provides additional evidentiary support for Plaintiff's claim that Defendants' conduct was willful and therefore subject to statutory and punitive damages under 15 U.S.C. §1681n.

2

The letter further demonstrates that EWS acknowledged receipt of the dispute yet declined to conduct the required investigation unless Plaintiff satisfied conditions not imposed by the statute.


## EXHIBIT(S)

Attached hereto as **Exhibit A – EWS's Letter Dated February 26, 2026** is a true and correct copy of the correspondence received from Early Warning Services acknowledging receipt of Plaintiff's dispute and requesting that Plaintiff identify a "specific record" believed to be inaccurate before the dispute will be processed.

Respectfully submitted,

Gary Hamilton
Plaintiff, Pro Se