# IN THE CIRCUIT COURT FOR CHARLES COUNTY, MARYLAND

Gary Hamilton

Case No.: 26CV482

      Plaintiff

      v.

MWE Investments, LLC a/b/a Westinghouse

      Defendant



**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

APR 0 2 2026

CLERK, U.S. DISTRICT COURT
AT GREENBELT
DISTRICT OF MARYLAND

BY

DEPUTY

## SUPPLEMENT TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

## I. PURPOSE OF THIS SUPPLEMENT

Plaintiff Gary Hamilton, proceeding pro se, respectfully submits this Supplement to clarify and expand specific aspects of his pending Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1).

This Supplement is intentionally limited in scope. It does not restate arguments already presented, but instead provides:

- targeted clarification of evidentiary complexity;
- expanded explanation of discovery limitations; and
- additional support demonstrating that exceptional circumstances exist under controlling Fourth Circuit authority.
- **Clarification of pro se litigant pro bono excellent assistance from complaint , research up to to-date preparation of all count filings, including this one.**

## II. CLARIFICATION REGARDING EVIDENTIARY COMPLEXITY AND WILLFULNESS

The established record shows that Plaintiff has repeatedly:

- submitted written disputes and requests for disclosure;
- provided identity verification documentation; and
- received incomplete, non-substantive, or no responses while adverse decisions continued.

1

These facts implicate not merely negligence, but potential **willful noncompliance**, requiring proof of:

- knowledge;
- reckless disregard; and
- absence of mistake.

This case therefore requires application of:

- Federal Rules of Evidence 401, 403, and 404(b);
- admissibility of notice-based and similar-conduct evidence; and
- structured legal argument concerning intent and willfulness.

Such evidentiary demands materially exceed the capacity of a pro se litigant and weigh strongly in favor of appointment of counsel.
**Whisenant v. Yuam**, 739 F.2d 160 (4th Cir. 1984).

## III. SUPPLEMENTAL CLARIFIATION REGARDING DISCOVERY SCOPE

The established record shows that critical evidence necessary to prove Plaintiff's claims is exclusively within Defendants' control, including:

- internal policies governing account denial decisions;
- communications between Defendants;
- reinvestigation procedures and records; and
- disclosure practices and internal complaint handling data.

Without access to these materials, Plaintiff cannot:

- establish knowledge or intent;
- demonstrate systemic deficiencies; or
- fully develop his claims.

This creates a structural barrier to proof that cannot be overcome without counsel.
**Jenkins v. Woodard**, 109 F.4th 242 (4th Cir. 2024).

## IV. SUPPLEMENTAL EVIDENCE OF PATTERN AND PRACTICE

### A. Public Complaint Data (Contextual Evidence Only)

Publicly available data from the Consumer Financial Protection Bureau and the Better Business Bureau reflects recurring complaint patterns involving:

- **PNC Bank, National Association**
  → thousands of complaints across multiple years
  → recurring categories including account denial, reporting issues, and dispute failures
- **Early Warning Services, LLC**
  → hundreds of complaints
  → recurring categories including disclosure failures and unresolved disputes

The established record shows that Plaintiff's experience aligns with these recurring complaint patterns.

## B. Legal Relevance of Pattern Evidence

This evidence is offered solely to establish:

- notice;
- knowledge;
- absence of isolated error; and
- context for willfulness.

Such use is permitted under:

- **Sprint/United Mgmt. Co. v. Mendelsohn**, 552 U.S. 379, 384–88 (2008);
- **BMW of N. Am., Inc. v. Gore**, 517 U.S. 559, 575–77 (1996).

## C. Impact on Appointment of Counsel

The presence of pattern-and-practice issues:

- increases evidentiary complexity;
- requires structured legal presentation; and
- necessitates discovery into systemic practices.

These factors further support a finding of exceptional circumstances.

## V. PLAINTIFF'S INABILITY TO LITIGATE THIS MATTER WITHOUT COUNSEL

The established record shows that Plaintiff, although diligent, lacks the legal training and institutional capacity required to litigate this matter effectively.

This case requires expertise in:

- federal consumer protection law;
- fraud and misrepresentation principles;
- evidentiary rules and admissibility standards;
- discovery strategy; and

- litigation against sophisticated corporate defendants.

**While Plaintiff has received assistance from a Pro Bono Senior Paralegal who has elected to remain anonymous, such assistance is necessarily limited and does not constitute legal representation.**

A paralegal cannot:

- appear before the Court;
- conduct litigation strategy independently;
- engage in formal discovery practice; or
- provide licensed legal advocacy.

The established record therefore demonstrates that Plaintiff **cannot perform the duties of an experienced attorney** required to litigate this case against Defendants, who possess:

- extensive internal resources;
- institutional knowledge; and
- experienced legal counsel.

This factor weighs heavily in favor of appointment of counsel.

## VI. RISK OF INCOMPLETE ADJUDICATION

The established record shows that, absent counsel:

- critical evidence may not be obtained;
- complex issues may not be properly presented; and
- the case may be resolved on procedural imbalance rather than merits.

This creates a substantial risk of injustice.

## VII. CONCLUSION (SUPPLEMENTAL)

The established record demonstrates:

- repeated unresolved disclosure and dispute issues;
- continued reliance on disputed information;
- alignment with recurring complaint patterns; and
- structural barriers to obtaining necessary evidence.

Additionally, the record shows that Plaintiff lacks the capacity to litigate this matter effectively, even with limited assistance.

These facts establish exceptional circumstances under controlling Fourth Circuit authority.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Grant the Motion for Appointment of Counsel; and
2.  Grant such other and further relief as justice requires.

Respectfully submitted,

**Gary Hamilton**
Plaintiff, Pro Se