**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GARY HAMILTON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PNC BANK, NATIONAL ASSOCIATION<br>AND EARLY WARNING SERVICES, LLC,<br><br>　　　　　　　　Defendants. | Case No.: 8:26-cv-00482-AAQ |

**DEFENDANT PNC BANK, N.A.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT**

Defendant PNC Bank, N.A. ("PNC'), by and through its undersigned counsel, submits the following Memorandum of Law in support of its Motion to Dismiss the Amended Complaint (ECF No. 9) filed by plaintiff Gary Hamilton ("Plaintiff").

## I.   INTRODUCTION

Plaintiff, appearing *pro se*, filed an Amended Complaint against PNC and others conclusorily alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. *See* ECF No. 9.  However, Plaintiff's FCRA claim under 15 U.S.C. § 1681m fails as a matter of law. Plaintiff lacks standing to bring this purported "adverse action" claim because no private cause of action exists under Section 1681m. Further, Plaintiff fails to state a claim under 15 U.S.C. § 1681s-2(b) because Plaintiff fails to sufficiently allege: (1) that he notified and/or submitted a proper dispute(s) to a credit reporting agency ("CRA"); (2) that the CRA specifically notified PNC of the dispute(s); (3) what allegedly was inaccurate; (4) that PNC failed to conduct a reasonable investigation; or (5) that Plaintiff suffered actual damages as a result. Accordingly, the Court should dismiss Plaintiff's Amended Complaint as to PNC with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On or about February 4, 2026, Plaintiff commenced this action by filing a Complaint against PNC.  *See* ECF No. 1.  Thereafter, Plaintiff filed the instant Amended Complaint against PNC and Defendant Early Warning Services, LLC ("EWS").  *See* ECF No. 9.  The Amended Complaint brings two (2) causes of action against PNC: (1) violation of the FCRA, 15 U.S.C. § 1681m(a), for "adverse action notice deficiencies," and (2) violation of the FCRA, 15 U.S.C. § 1681s-2(b), for failure to reasonably investigate Plaintiff's dispute. *Id.* The gravamen of Plaintiff's Complaint is that PNC "took adverse action against Plaintiff by denying Plaintiff's deposit account application," and that PNC "failed to conduct a reasonable investigation, failed to correct inaccurate information, and failed to modify or delete inaccurate reporting."  *Id.* ¶¶ 32, 37.

## III.    STANDARD OF REVIEW

Although the Court must accept well-pled allegations in Plaintiff's Complaint as true, it is not required to accept conclusory factual allegations, nor is the Court required to consider unsupported legal conclusions or legal conclusions disguised as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Schweikert v. Bank of America*, 521 F.3d 286, 288 (4th Cir. 2008); *Eastern Shore Markets v. J.D. Associates, LTD*, 213 F.3d 175, 180 (4th Cir. 2000).  Likewise, the Court need not accept as true "legal conclusions, elements of a cause of action, and base assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).    There must be "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

This Court has explained a plaintiff's obligation in responding to a motion to dismiss:

> [I]n order to survive a motion to dismiss, a plaintiff must plead ***plausible***, not merely conceivable, facts in support of her claim . . . . ***The Complaint must state***

> ***"more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do*."**

*Reed v. Airtran Airways*, 531 F. Supp. 2d 660, 665-66 (D. Md. 2008), *quoting Twombly*, 550 U.S. at 555; *Iqbal,* 556 U.S. at 678 (emphasis added).

The requirement that a plaintiff's factual allegations "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" applies to all claimants, including those proceeding *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555) (applying *Twombly* to a *pro se* complaint). Thus, although a "*pro se* complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers,'" a *pro se* plaintiff's "'obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Thigpen v. McDonnell*, 273 Fed. App'x 271, 273 (4th Cir. 2008) (quoting *Erickson*, 551 U.S. at 94; *Twombly*, 550 U.S. at 555) (internal quotation marks omitted) (applying *Twombly* to a *pro se* complaint).

## IV.    <u>ARGUMENT</u>

Plaintiff's Amended Complaint fails to state a plausible claim upon which relief can be granted. Specifically, Plaintiff's "adverse action" claim fails as a matter of law because there is no private cause of action for any violation of Section 1681m. Further, Plaintiff's FCRA claim as to the reasonableness of PNC's investigation into Plaintiff's purported dispute(s) fails as a matter of law as Plaintiff fails to allege the requisite elements of an FCRA claim, fails to allege any facts substantiating a negligent or willful violation of the FCRA, and fails to properly allege that he suffered any cognizable actual damages. Therefore, the Amended Complaint must be dismissed with prejudice.

**A. PLAINTIFF'S FCRA CLAIM UNDER SECTION 1681m FAILS AS A MATTER OF LAW BECAUSE NO PRIVATE CAUSE OF ACTION EXISTS.**

Plaintiff's FCRA claim for a violation of Section 1681m for failure to provide meaningful disclosure of the reasons for denial fails as a matter of law for the simple reason that there is no private cause of action under this section, and Plaintiff, therefore, lacks standing.

Section 1681m addresses the "[d]uties of users taking adverse actions on [the] basis of information contained in consumer reports." *See* 15 U.S.C. § 1681m.  An adverse action under the section includes "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." *Id.*  However, Section 1681m(h)(8) "shall be enforced *exclusively* under Section 1681s of this title by the Federal agencies and officials identified in that section." 15 U.S.C. § 1681m(h)(8) (emphasis added).  The majority of courts that have interpreted Section 1681m have concluded that no private cause of action exists for violations of this Section in its entirety.  *See e.g. Bartlett v. Bank of America, NA*, No. MJG-13-975, 2014 U.S. Dist. LEXIS 102897 (D. Md. July 29, 2014); *Putkowski v. Irwin Home Equity Corp.*, 423 F.Supp.2d 1053, 1061-62 (N.D. Cal. 2006) ("While § 1681n and § 1681o of the FCRA generally establish a private right of action for certain violations of the FCRA, § 1681m(h)(8) (added by FACTA) now expressly provides that there is no private right of action for violations of § 1681m."); *Farrow v. Capital One Auto Fin., Inc.*, No. CCB-06-2324, 2007 U.S. Dist. LEXIS 95750 (D. Md. Nov. 9, 2007) (citing *Putkowski* favorably).

Accordingly, the law is clear there is no private cause of action for an alleged violation of Section 1681m and, therefore, Plaintiff lacks standing to bring this claim.  *See Alston v. Citibank, N.A.*, No. DKC 14-3199, 2015 U.S. Dist. LEXIS 61427, at *6 (D. Md. May 11, 2015) (dismissing FCRA claim under Section 1681m for lack of any private cause of action); *Id.* at *6 (citing

4

*Bourdelais v. J.P. Morgan Chase*, Civ. No. 3:10CV670-HEH, 2011 U.S. Dist. LEXIS 35507 (E.D. Va. Apr. 1, 2011) (citing cases and noting that "[v]irtually every federal district court and the only federal court of appeals to interpret § 1681m(h)(8) has found it to be clear and unambiguous: the word 'section' means 'section,'" and thus no private right of action exists for violations of section 1681m in its entirety.")). Based on the foregoing, Plaintiff's FCRA claim under Section 1681m fails as a matter of law and should be dismissed with prejudice.

### B. PLAINTIFF'S FCRA CLAIM PURSUANT TO SECTION 1681s-2(b) FAILS AS A MATTER OF LAW.

The FCRA places certain duties on entities that furnish information to credit reporting agencies. Furnishers, such as PNC, must provide accurate information to credit reporting agencies, *see* 15 U.S.C. § 1681s-2(a), and must investigate any reports of inaccuracies reported to it by credit reporting agencies, *see* 15 U.S.C. § 1681s-2(b). The duty to furnish accurate information, however, does not provide for a private cause of action. Violations of that duty may be pursued only by government authorities. *See* 15 U.S.C. § 1681s-2(d) (providing that violations of § 1681s-2(a) may be pursued only by federal or state agencies); *Beattie v. Nations Credit Fin. Servs. Corp.*, 65 Fed. Appx. 893, 899 (4th Cir. 2003) ("the particular statutory language may be enforced only by federal and state agencies and officials."); *SimmsParris v. Countrywide Financial Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (consumers cannot sue furnishers for the failure to report accurate information). Rather, consumers may advance claims against furnishers only under Section 1681s-2(b), which relates to the reasonableness of a furnisher's investigation upon receipt of a dispute from a consumer through the credit reporting agencies. *SimmsParris*, 652 F.3d at 358. A claim under Section 1681s-2(b), therefore, only exists if the consumer submits an indirect dispute to the credit reporting agencies (direct disputes to furnishers are not actionable).

To bring a claim under § 1681s-2(b), a plaintiff must plausibly allege: (1) that he notified a consumer reporting agency of the disputed information; (2) that the consumer reporting agency notified the defendant furnisher of the dispute; and (3) that the furnisher then failed to investigate and take appropriate corrective action. *See Ausar-El v. Barclay Bank Delaware,* PJM 12-0082, 2012 U.S. Dist. LEXIS 106572 (D. Md. July 31, 2012); *Green v. Rosenberg & Assocs., LLC*, No. PJM 17-732, 2018 U.S. Dist. LEXIS 37021, at *13-14 (D. Md. Mar. 7, 2018); *see also Johnson v. N.Y. Cmt. Bank*, No. PX-17-3647, 2018 U.S. LEXIS 74086, at *11-12 (D. Md. May 2, 2018) (to state a claim under the FCRA, a plaintiff must aver "plausibly that a credit reporting agency…upon learning of disputed credit information, notified the furnisher of the information of the dispute and that the furnisher then failed to conduct a reasonable investigation or modify the credit report to correct the inaccuracy").

Here, Plaintiff fails to specify a single fact that connects PNC to his claims under the FCRA for failure to investigate.  As an initial matter, notably absent from the Amended Complaint is any factual allegation that Plaintiff is even a customer of PNC.  Thus, Plaintiff fails to even establish that PNC was even reporting *any* information related to Plaintiff.[1]  Moreover, even assuming Plaintiff is a customer of PNC's credit and/or loan services, and therefore a "consumer" as defined by the FCRA, Plaintiff fails to allege that he disputed any information with a credit reporting agency.  Plaintiff's only allegations relating to any purported dispute(s) are that he "disputed the accuracy of the information," ECF No. 9 ¶ 10, and that he "disputed the accuracy of the information that PNC furnished to consumer reporting agencies."  *Id.* ¶ 36.  Further, Plaintiff

---

[1]    While Plaintiff alleges he "applied for ordinary consumer deposit account services (checking and/or savings accounts) with PNC," ECF No. 9 ¶ 6, Plaintiff explicitly acknowledges that this application was denied *and* any such checking account is in no way related to the furnishing of *credit* information.

alleges that "[u]pon information and belief, PNC received notice of Plaintiff's dispute…" *Id.* ¶ 37. However, these conclusory allegations do not establish that any CRA actually notified PNC, what exactly was being reported that was "inaccurate," and if so, when or how PNC failed to investigate this disputed information.  *See Ausar-El*, 2012 U.S. Dist. LEXIS 106572, at *8 (explaining plaintiff's complaint failed to sufficiently allege that any CRA notified furnisher of the dispute or that furnisher subsequently failed to investigate the dispute).

Even further, Plaintiff fails to establish that PNC actually furnished credit information related to Plaintiff and fails to state any actual error or omission on the part of PNC, let alone any reasonable basis to conclude that it failed to conduct a reasonable investigation.  Lastly, Plaintiff fails to sufficiently allege any "actual damage" as a result, as required under the FCRA. Ultimately, it appears Plaintiff takes issue with the information on his credit report yet fails to allege that PNC even furnished information related to Plaintiff, to allege that any furnished information was inaccurate, or that PNC failed to conduct a reasonable investigation.  For these reasons, the Court should dismiss Plaintiff's FCRA claim with prejudice.

1.    **Plaintiff's Amended Complaint Fails to Allege PNC Was Notified of a Dispute.**

A plaintiff asserting a violation of Section 1681s-2(b) *must* plead and establish, among others, that "the [CRA] notified the defendant furnisher of the dispute." *Ausar-El*, 2012 U.S. Dist. LEXIS 106572, at *7-8 (emphasis added).  More specifically, the FCRA requires the Plaintiff to "aver plausibly that a [CRA], upon learning of disputed credit information, *notified the furnisher of information of the dispute…*" *Johnson*, 2018 U.S. LEXIS 74086, at *11-12 (emphasis added).

Here, the Amended Complaint contains zero allegations or suggestions that Plaintiff even submitted a dispute with the CRAs, let alone that PNC was ever notified of the alleged dispute from any CRA, which is fatal to Plaintiff's claim.  *See Allen v. CitiMortgage, Inc*., No. CCB-10-

2740, 2011 U.S. Dist. LEXIS 86077, at *10-11 (D. Md. Aug. 4, 2011) ("under the statutory language of § 1681s-2(b), a furnisher has no duty to investigate a credit dispute if a consumer directly notifies it of a dispute."). Without any allegation of an indirect dispute to a CRA or any allegation of a CRA notifying PNC, no duties under the FCRA were triggered, and the claim fails as a matter of law. *Id.* (dismissing an FCRA claim against CitiMortgage where the plaintiffs alleged they had contacted the credit reporting agencies and CitiMortgage about the inaccuracy in a plaintiff's credit report because the plaintiff failed to allege that a credit reporting agency had notified CitiMortgage about the inaccuracy, as § 1681s-2(b) plainly requires); *see also Zinn v. Mortgage Lender of Am. & Co. (In re Zinn)*, Nos. 13-14270-LSS (Chapter 13), 13-00708-LSS, 2017 Bankr. LEXIS 154, at *14-15 (Bankr. D. Md. Jan. 17, 2017) (dismissing FCRA claim for failure to allege one or more CRA's notified furnisher of the alleged disputes and inaccuracies, as required under the FCRA); *Givens v. CitiMortgage, Inc.*, No. 10-1249, 2011 U.S. Dist. LEXIS 20334 (D. Md. Feb. 28, 2011) (dismissing the plaintiff's § 1681s-2(b) claim even though he reported a discrepancy to the credit reporting agencies because he failed to allege that that a credit reporting agency notified defendant of the dispute).[2]

   **2. Plaintiff's Amended Complaint Fails to Allege any Actual Inaccuracy or that PNC's Investigation Was Unreasonable.**

Even assuming *arguendo* that (1) PNC furnished information related to Plaintiff, (2) Plaintiff properly alleged that he submitted a dispute to a CRA, and (3) PNC received the dispute

---

[2]    Plaintiff does allege that he "disputed the accuracy of information." ECF No. 9 ¶¶ 10, 37. However, even accepting these allegations as true, it appears Plaintiff alleges direct disputes with PNC which do not trigger the duties under the FCRA. *See Green v. Southwest Credit Sys. L.P.*, 220 F. Supp. 3d 623, 625 (D. Md. 2016) (dismissing FCRA claim as no private cause of action under the FCRA exists as to a consumer's dispute made directly with a furnisher).

from a CRA (which PNC denies), Plaintiff fails to allege *what* was actually inaccurate or derogatory, much less how PNC failed to investigate the vague dispute.

Plaintiff's Amended Complaint is completely devoid of facts and consists only of conclusory allegations. Beyond simply suggesting that certain information in his credit file was "inaccurate" and or contained "negative account status," the Amended Complaint fails to specify exactly *what* information was inaccurately reported. Without further factual allegations to this effect, the Court is not obligated to accept Plaintiff's conclusory statement that the information in his files was inaccurate or that PNC's investigation was in any way unreasonable. *See Jackson v. Early Warning Servs., LLC,* No. PJM 15-1233, 2016 U.S. Dist. LEXIS 15150, at *16 (D. Md. Feb. 3, 2016) (dismissing FCRA claim for failure to plead sufficient detail regarding inaccuracy); *Johnson*, 2018 U.S. LEXIS 74086, at *11-12 (dismissing FCRA claim as plaintiffs' mere assertion that some investigation would have revealed an inaccuracy fails to support that furnisher's investigation was unreasonable); *Alston v. Wells Fargo Home Mortg.*, No. CV TDC-13-3147, 2016 U.S. Dist. LEXIS 24147, (D. Md. Feb. 26, 2016) ("the FCRA is designed to prevent the compilation and dissemination of *inaccurate* credit information, so a plaintiff cannot prevail on a claim against a credit furnisher…without showing of actual inaccuracy.") (internal quotation marks omitted; emphasis in original).[3]

Whether based on negligence or willfulness, Plaintiff's Amended Complaint fails to explain in any way how PNC failed to conduct a reasonable investigation under § 1681s-2(b), or what should have even been investigated (including which account, if any). Accordingly, Plaintiff's FCRA claim must be dismissed. *See Bolden v. McCabe, Weisenberg & Conway, LLC*,

---

[3] As set forth above, it is unclear from the Amended Complaint whether Plaintiff even had any credit account(s) with PNC and that PNC furnished credit information related to Plaintiff.

No. DKC 13-1265, 2013 U.S. Dist. LEXIS 182057 (D. Md. Dec. 31, 2013) (dismissing FCRA claim where plaintiff failed to explain how a defendant's action amounted to FCRA violations or provide any facts giving rise to a plausible claim that it violated the FCRA negligently, much less willfully).

### 3. Plaintiff's Complaint Fails to Allege Sufficient Facts to Support "Actual Damages" under the FCRA.

Finally, under the FCRA, a consumer may recover "any actual damages sustained." 15 U.S.C. §§ 1681n(a)(1)(A), 1681o(a)(1); *see also Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581-82 (D. Md. 2015); *Wright v. TRW, Inc.*, 872 F.2d 420 (4th Cir. 1989) (concluding that, absent a willful violation, no nominal damages should be awarded without a separate showing of actual damages). The Fourth Circuit has noted that the statutory requirement of "actual damages" acts as a "gatekeeping function [to avoid] tremendous overcompensation of plaintiffs whose damages evidence fails to establish any meaningful injury at all." *Doe v. Choa*, 306 F.3d 170, 181 n. 6 (4th Cir. 2002) (evaluating "actual damages" requirement of the Stored Communications Act); *see also Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 642, 654 (E.D. Va. 2010).

Plaintiff has not alleged, nor can he allege, any actual damages based on any conduct by PNC. Plaintiff merely and baselessly alleges that he "suffered actual damages." ECF No. 9 ¶ 38. Without drawing any connection between PNC's purported conduct with Plaintiff's alleged "damages," Plaintiff demands "actual damages," "statutory damages," "punitive damages," and "attorneys' fees and costs." *Id*. ¶¶ 39-42.[4] Plaintiff's conclusory assertion that his alleged "harm"

---

[4]   Notably, aside from the clear lack of any factual support for any such damages, by appearing *pro se*, Plaintiff is not legally entitled to attorneys' fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (noting that "a pro se litigant [in a civil rights action] ... is not entitled to attorneys fees"); *Rhoads v. FDIC*, 286 F. Supp. 2d 532, 543 (D. Md. 2003) (ADA case) ("Since pro se litigants are not entitled to fee awards authorized by fee-shifting statutes, they also cannot recover attorney litigation expenses.").

is a direct and proximate cause of PNC's purported conduct is insufficient to allege actual damages under the FCRA.  *See e.g., Offiah v. Bank of Am., N.A.*, No. DKC 13-2261, 2014 U.S. Dist. LEXIS 120642 (D. Md. Aug. 29, 2014) (dismissing claim under Real Estate Settlement Procedures Act where plaintiff's conclusory assertion that plaintiff suffered damages as a direct and proximate result of illegal conduct of defendant was insufficient to establish actual damages).

As stated above, although a "*pro se* complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers,'" a *pro se* plaintiff's "'obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Thigpen v. McDonnell*, 273 Fed. App'x 271, 273 (4th Cir. 2008) (quoting *Erickson*, 551 U.S. at 94; *Twombly*, 550 U.S. at 555)) (internal quotation marks omitted) (applying *Twombly* to a *pro se* complaint).  Plaintiff fails to sufficiently plead any cause of action and as such, the Amended Complaint should be dismissed with prejudice.

## V.   **CONCLUSION**

Based on the foregoing, PNC respectfully requests that the Court dismiss the Amended Complaint as to PNC with prejudice.

Dated: April 6, 2026                                  Respectfully submitted,

                                                              BALLARD SPAHR LLP

                                                               */s/ John D. Sadler*
                                                              John D. Sadler (Bar No. 16421)
                                                              Erik L. Johnson (Bar No. 20993)
                                                              1909 K Street, NW, 12th Floor
                                                              Washington, DC 20006
                                                              Telephone: (202) 661-2200
                                                              Facsimile: (202) 661-2299
                                                              SadlerJ@ballardspahr.com
                                                              Johnsonel@ballardspahr.com

                                                              *Counsel for Defendant PNC Bank, N.A.*