UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION
6500 Cherrywood Lane
Greenbelt, Maryland 20770

USDC- GREENBELT
'26 MAY 13 PM 1:40

HD

Rcv'd by: ___ ɒm̄n̄

Gary Hamilton,
Plaintiff,

v. Civil Action No. 8:26-cv-00482-AAQ

PNC Bank, National Association, et al.,
Defendants.

---

RENEWED AND SUPPLEMENTAL MOTION FOR APPOINTMENT OF COUNSEL,
OR IN THE ALTERNATIVE FOR LIMITED-PURPOSE COUNSEL,
EXTENSION OF TIME, AND LEAVE TO AMEND IF NECESSARY

Plaintiff Gary Hamilton, proceeding pro se, respectfully renews and supplements his pending Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1), and states as follows:

I. PROCEDURAL POSTURE NOW DEMONSTRATES THE NEED FOR COUNSEL

This action has now progressed beyond preliminary pleadings and entered substantive dispositive motion practice.

Defendant PNC Bank, N.A., represented by experienced institutional counsel from a large national law firm, has filed a Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure. Plaintiff is now required to respond to complex federal pleading arguments involving the Fair Credit Reporting Act, adverse consumer reporting, dispute procedures, reinvestigation duties, damages, standing, service issues, and procedural preservation.

The present stage materially increases the prejudice to Plaintiff arising from the absence of licensed counsel.

II. CONTROLLING FOURTH CIRCUIT STANDARD

Under 28 U.S.C. § 1915(e)(1), federal courts may request or appoint counsel where exceptional circumstances exist.

The Fourth Circuit standard recognizes that appointment is appropriate where a pro se litigant presents a colorable claim but lacks the capacity to adequately litigate the matter in light of its complexity. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984).

1

Whisenant directs courts to consider:

- the complexity of the legal issues;
- the litigant's ability to investigate and develop evidence;
- the need for discovery and evidentiary presentation;
- the litigant's practical litigation capacity; and
- whether fundamental fairness requires appointment of counsel.

More recently, the Fourth Circuit reaffirmed these principles in Jenkins v. Woodard, 109 F.4th 242 (4th Cir. 2024), emphasizing that courts must conduct a practical evaluation of whether a pro se litigant can meaningfully develop and present claims in complex federal litigation.

## III. PRIOR FILINGS SHOULD NOT BE CONSTRUED AS EVIDENCE OF INDEPENDENT LITIGATION CAPACITY

Plaintiff respectfully clarifies that the structure or quality of prior filings should not be interpreted as evidence that Plaintiff possesses the independent legal capacity necessary to litigate this matter without counsel.

As previously disclosed to the Court, Plaintiff has received limited assistance from a senior pro bono paralegal in organizing and preparing filings. That individual is not licensed to practice law in any jurisdiction and cannot function as legal counsel.

The limited assistance previously provided has now reached its practical and professional limits.

The present stage requires legal analysis, federal procedural strategy, evidentiary evaluation, dispositive motion response, preservation of claims, and potential amendment strategy beyond the permissible role of a non-lawyer assistant.

This matter now requires:

- analysis of Rule 12 pleading standards;
- response to sophisticated dismissal arguments;
- application of federal evidentiary principles;
- strategic litigation judgment;
- procedural compliance under the Federal Rules;
- preservation of leave-to-amend rights;
- discovery planning; and
- substantive legal advocacy against institutional defendants represented by experienced national counsel.

A non-lawyer assistant cannot:

- appear before the Court;
- provide licensed legal representation;
- conduct formal discovery practice;

2

- independently formulate legal strategy;
- present oral argument;
- examine witnesses;
- negotiate as counsel of record;
- sign pleadings as an attorney; or
- undertake the professional obligations imposed upon licensed counsel.

Accordingly, the limited assistance previously received should not be construed as evidence that Plaintiff can adequately litigate this matter pro se. Rather, it demonstrates Plaintiff's diligent effort to comply with federal procedural requirements despite lacking licensed legal representation necessary to fairly proceed at this increasingly complex stage.

## IV. THE CURRENT STAGE CREATES ACTUAL PREJUDICE ABSENT COUNSEL

The prejudice arising from the absence of counsel is no longer theoretical.

Plaintiff must now respond to dispositive motion practice initiated by institutional defendants possessing substantially superior legal and financial resources.

Additionally, critical evidence necessary to establish Plaintiff's claims remains exclusively within Defendants' possession, including:

- internal account-handling procedures;
- reinvestigation records;
- internal communications;
- consumer reporting communications;
- disclosure practices;
- institutional compliance materials;
- dispute-resolution records; and
- adverse-action and account-risk decision records.

Without counsel, Plaintiff lacks the practical ability to compel, analyze, and effectively present such evidence under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Moreover, the litigation imbalance has become increasingly pronounced as the case progresses into advanced federal motion practice requiring legal experience beyond Plaintiff's capacity and beyond the permissible role of non-lawyer assistance.

## V. COUNSEL IS NECESSARY TO PRESERVE PLAINTIFF'S RIGHTS IF THE COURT IDENTIFIES PLEADING DEFICIENCIES

Defendant PNC seeks dismissal with prejudice. That requested remedy creates substantial prejudice to Plaintiff if the Court determines that any claim requires additional factual detail.

3

Plaintiff respectfully submits that, if the Court finds any pleading deficiency, the appropriate remedy should not be dismissal with prejudice, but leave to amend under Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. This principle is especially important where:

• Plaintiff is proceeding pro se;
• the case is still at an early stage;
• discovery has not occurred;
• key information is controlled by Defendants;
• amendment may cure any deficiency; and
• Defendant would suffer no unfair prejudice from amendment.

Counsel is necessary to assist Plaintiff in identifying and curing any pleading deficiencies the Court may find, particularly where the alleged deficiencies involve technical FCRA pleading requirements, dispute-routing allegations, consumer reporting agency notice, damages, and internal investigation practices.

Accordingly, if the Court is not inclined to deny Defendant's Motion to Dismiss outright, Plaintiff respectfully requests that the Court appoint counsel or limited-purpose counsel before requiring any amended pleading.

## VI. EXCEPTIONAL CIRCUMSTANCES EXIST

The present record demonstrates exceptional circumstances warranting appointment of counsel, including:

• complex federal procedural and substantive issues;
• dispositive motion litigation;
• technical FCRA pleading requirements;
• evidentiary and discovery barriers;
• substantial institutional imbalance;
• inability to access critical internal evidence without discovery;
• risk of dismissal with prejudice;
• need to preserve amendment rights under Rule 15;
• practical limitations of non-lawyer assistance; and
• increasing prejudice absent licensed counsel.

Under Whisenant and Jenkins, these factors establish exceptional circumstances warranting appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

4

1. Grant Plaintiff's pending Motion for Appointment of Counsel;
2. Appoint counsel to represent Plaintiff in this action;
3. Alternatively, appoint limited-purpose counsel for dispositive motion practice, amendment review, and discovery proceedings;
4. Stay or extend Plaintiff's deadline to respond to Defendant PNC Bank, N.A.'s Motion to Dismiss pending resolution of this Motion;
5. If the Court identifies any pleading deficiency, grant Plaintiff leave to amend pursuant to Fed. R. Civ. P. 15(a)(2), rather than dismissing the case with prejudice;

6. Permit appointed counsel, if granted, reasonable time to review the pleadings and file any amended complaint, supplemental opposition, or other appropriate filing; and

7. Grant such other and further relief as justice requires.

Respectfully submitted,

Gary Hamilton
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2026, a copy of the foregoing Renewed and Supplemental Motion for Appointment of Counsel, or in the Alternative for Limited-Purpose Counsel, Extension of Time, and Leave to Amend if Necessary, was served by first-class U.S. Mail upon:

Counsel for Defendant PNC Bank, N.A.
John D. Sadler, Esq.
Erik L. Johnson, Esq.
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006

Respectfully submitted,

Gary Hamilton
Plaintiff, Pro Se