UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION; 6500 Cherrywood Lane
Greenbelt, MD 20770

Gary Hamilton                          Civil Action No. 8:26-cv-00482-AAQ

FILED
LOGGED

MAY 1 8 2026

CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY

              Plaintiff,

              v.

PNC Bank, National Association, et al.,

              Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RENEWED AND SUPPLEMENTAL MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Gary Hamilton, proceeding pro se, respectfully renews and supplements his pending
Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1), and states as follows:

I. PROCEDURAL POSTURE NOW DEMONSTRATES THE NEED FOR COUNSEL

This action has now progressed beyond preliminary pleadings and entered substantive
dispositive motion practice.

Defendants, represented by experienced institutional counsel employed by a large national law
firm, filed a Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. The
procedural posture of this case now requires Plaintiff to prepare and present a legally sufficient
response addressing complex federal pleading standards, procedural defenses, evidentiary issues,
and substantive legal arguments.

The present stage of litigation materially increases the prejudice to Plaintiff arising from the
absence of licensed counsel.

II. CONTROLLING FOURTH CIRCUIT STANDARD

Under 28 U.S.C. § 1915(e)(1), federal courts may appoint counsel where exceptional
circumstances exist.

The controlling Fourth Circuit standard was established in Whisenant v. Yuam, 739 F.2d 160
(4th Cir. 1984), which held that appointment is appropriate where a pro se litigant presents a
colorable claim but lacks the capacity to adequately litigate the matter in light of its complexity.

Whisenant directs courts to consider:
• the complexity of the legal issues;

1

• the litigant's ability to investigate and develop evidence;
• the need for discovery and evidentiary presentation;
• the litigant's practical litigation capacity; and
• whether fundamental fairness requires appointment of counsel.

More recently, the Fourth Circuit reaffirmed these principles in Jenkins v. Woodard, 109 F.4th 242 (4th Cir. 2024), emphasizing that courts must conduct a practical evaluation of whether a litigant can meaningfully develop and present claims in complex federal litigation.

## III. PRIOR FILINGS SHOULD NOT BE CONSTRUED AS EVIDENCE OF INDEPENDENT LITIGATION CAPACITY

Plaintiff respectfully clarifies that the structure or quality of prior filings should not be interpreted as evidence that Plaintiff possesses the independent legal capacity necessary to litigate this matter without counsel.

As previously disclosed to the Court, Plaintiff has received limited assistance from a senior pro bono paralegal in organizing and preparing filings. However, that individual is not licensed to practice law in any jurisdiction and cannot function as legal counsel.

Importantly, the assistance provided has now reached its practical and professional limits.

While the paralegal possessed sufficient experience to assist with organizational and preliminary filing preparation, the present litigation stage now requires legal analysis, federal procedural strategy, evidentiary evaluation, and dispositive motion practice beyond the permissible role and professional experience of a non-lawyer assistant.

The present matter now requires:
• analysis of Rule 12 pleading standards;
• response to sophisticated dismissal arguments;
• application of federal evidentiary principles;
• strategic litigation judgment;
• procedural compliance under the Federal Rules;
• discovery planning; and
• substantive legal advocacy against institutional defendants represented by experienced national counsel.

A non-lawyer assistant cannot:
• appear before the Court;
• provide licensed legal representation;
• conduct formal discovery practice;
• independently formulate legal strategy;
• present oral argument;
• examine witnesses;
• negotiate as counsel of record;

2

• sign pleadings as an attorney; or
• undertake the professional obligations imposed upon licensed counsel.

Accordingly, the limited assistance previously received should not be construed as evidence that Plaintiff can adequately litigate this matter pro se. Rather, it demonstrates Plaintiff's diligent effort to comply with federal procedural requirements despite lacking the licensed legal representation necessary to fairly proceed at this increasingly complex stage of litigation.

## IV. THE CURRENT STAGE OF LITIGATION CREATES ACTUAL PREJUDICE ABSENT COUNSEL

The prejudice arising from the absence of counsel is no longer theoretical.

Plaintiff must now respond to dispositive motion practice initiated by institutional defendants possessing substantially superior legal and financial resources.

Additionally, critical evidence necessary to establish Plaintiff's claims remains exclusively within Defendants' possession, including:
• internal account-handling procedures;
• reinvestigation records;
• internal communications;
• disclosure practices;
• institutional compliance materials; and
• dispute-resolution records.

Without counsel, Plaintiff lacks the practical ability to compel, analyze, and effectively present such evidence under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Moreover, the present litigation imbalance has become increasingly pronounced as the case progresses into advanced federal motion practice requiring legal experience beyond Plaintiff's capacity and beyond the permissible role of non-lawyer assistance.

## V. EXCEPTIONAL CIRCUMSTANCES EXIST

The present record demonstrates:
• complex federal procedural and substantive issues;
• dispositive motion litigation;
• evidentiary and discovery barriers;
• substantial institutional imbalance;
• inability to access critical internal evidence;
• practical limitations of non-lawyer assistance; and
• increasing prejudice absent licensed counsel.

Under Whisenant and Jenkins, these factors establish exceptional circumstances warranting appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

3

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff's pending Motion for Appointment of Counsel;
2. Alternatively appoint limited-purpose counsel for dispositive motion and discovery proceedings;
3. Stay or extend Plaintiff's deadline to respond to Defendants' Motion to Dismiss pending resolution of this Motion; and
4. Grant such other and further relief as justice requires.

Respectfully submitted,

Gary Hamilton
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this 13 day of May, 2026, a copy of the foregoing was served upon all counsel of record by U.S. Mail first class mail to:

Counsel for Defendant PNC Bank, N.A.
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006

Respectfully submitted,

Gary Hamilton