**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GARY HAMILTON,<br><br>                    Plaintiff,<br><br>        v.<br><br>PNC BANK, NATIONAL ASSOCIATION<br>AND EARLY WARNING SERVICES, LLC,<br><br>                    Defendants. | Case No.: 8:26-cv-00482-AAQ |

**DEFENDANT PNC BANK, N.A.'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS AMENDED COMPLAINT**

Defendant PNC Bank, N.A. ("PNC'), by and through its undersigned counsel, respectfully submits his Reply memorandum ("Reply") in further support of its Motion to Dismiss the Amended Complaint ("Motion") filed by plaintiff Gary Hamilton ("Plaintiff") and in response to Plaintiff's Opposition, ECF No. 43, and Plaintiff's Supplemental Opposition, ECF No. 52.  In support thereof, PNC states as follows:

## I.   **INTRODUCTION**

PNC's Motion should be granted for two simple reasons.  *First*, the Amended Complaint fails to state any plausible entitlement to relief.  *Second*, neither the Opposition nor the Supplemental Opposition ("Suppl. Opp.") identify a single fact or legal basis for the Court to deny PNC's Motion.  While *pro se*, Plaintiff's Amended Complaint, even under the most liberal reading, fails to state a claim against PNC.

The Court should dismiss Plaintiff's Amended Complaint in its entirety without leave to further amend.  As Plaintiff's Opposition makes clear, the entirety of Plaintiff's Amended Complaint is based on his allegation that PNC either inaccurately reported some unidentified credit

information or that PNC improperly relied on some unknown "adverse information."  However, instead of articulating a valid claim against PNC and providing support for his allegations, Plaintiff merely concludes that such information potentially exists and that PNC is somehow withholding this information from Plaintiff.  Not only is this blatantly false, the Amended Complaint, at best, rests entirely on speculation alone.  Plaintiff's Opposition merely recites all of the conclusory and deficient allegations contained in his Amended Complaint and fails to sufficiently or directly address any of the arguments raised in PNC's Motion.  More importantly, Plaintiff's Opposition does not identify as single factual or legal basis for denying PNC's Motion other than his confusing and misplaced argument that dismissal of the Amended Complaint is not appropriate at this stage. Finally, Plaintiff's purported entitlement to discovery is misplaced and the Court should deny him yet *another* opportunity to further amend his deficient pleading as Plaintiff has made clear he has no valid claim against PNC and any purported amendment would be futile.  As set forth below, the Court should grant PNC's Motion in its entirety.

**II.    ARGUMENT**

The Court should disregard Plaintiff's untimely and improperly filed "supplemental" opposition to PNC's Motion.  However, *both* Plaintiff's Opposition and Supplemental Opposition make clear that his claims fail as a matter of law and any purported amendment would be futile. Aside from merely reciting the allegations in the Amended Complaint and providing further conclusions in support of his conclusions, Plaintiff's Opposition fails to set forth any valid argument in response to PNC's Motion.  Moreover, contrary to Plaintiff's assertions, Plaintiff is not entitled to discovery on matters that are either in his possession, custody or control, or do not exist.  PNC's Motion is proper and the Court should dismiss Plaintiff's Amended Complaint with prejudice

**A. PLAINTIFF'S IMPROPERLY FILED "SUPPLEMENTAL" OPPOSITION SHOULD BE STRICKEN FROM THE RECORD AND DISREGARDED WHEN RULING ON PNC'S MOTION TO DISMISS.**

As an initial matter, Plaintiff's untimely and improperly filed "supplemental" opposition should not be considered because Plaintiff filed it untimely, without permission, and with no showing of good cause. Pursuant to Local Rule 105.2(a), "memoranda in opposition to a motion shall be filed within fourteen (14) days." Under Rule 6(b)(2), the Court may, upon motion, grant an extension after expiration of time, but only if the failure to act in a timely manner is the result of "excusable neglect." Fed. R. Civ. P. 6(b)(2); *see also Garrett v. Balt. City Cmty. College*, 2006 LEXIS 105919, at *5 (D. Md. May 30, 2006) (citing *Tucker v. Chrysler Credit Corp*., 149 F.3d 1170, slip op. (4th Cir. 1998)). In deciding whether a party's neglect was excusable, the Court will consider the "danger of prejudice to the non-moving party, length of delay…the reason for the delay including the moving party's role, and whether there was good faith." *Id.*

Here, PNC filed its Motion to Dismiss on April 6, 2026. *See* ECF No. 25. On April 7, 2026, the Court issued a Notice to Plaintiff advising him that he had twenty-eight (28) days to file any opposition to PNC's Motion, or by May 5, 2026. *See* ECF No. 27. Plaintiff filed his Opposition on May 13, 2026. *See* ECF No. 43.[1] Thereafter, on the eve of the deadline for PNC to file its Reply, Plaintiff improperly and untimely filed his Supplemental Opposition. *See* ECF No. 52. Not only is this "supplemental" filing not contemplated by the Local Rules, *see* L.R. 105(2)(a) ("Unless otherwise noted by the Court, surreply memoranda are not permitted to be

---

[1] While Plaintiff initial Opposition is arguably untimely in and of itself, PNC recognized Plaintiff's Motion for Extension of Time dated April 15, 2026, requesting fourteen (14) days from the "date of service" to respond to PNC's Motion. *See* ECF No. 31. Out of an abundance of caution, and considering Plaintiff's *pro se* status, on April 17, 2026, PNC filed a response to Plaintiff's Motion for Extension, attaching a courtesy copy of its Motion to Dismiss. *See* ECF No. 37. In short, PNC does not challenge the timeliness of Plaintiff's initially filed Opposition.

filed), Plaintiff did not file this Supplemental Opposition until March 22, 2026,[2] three weeks after his original deadline to file a response and consented to extended deadline, and two weeks after filing his original Opposition.  Plaintiff did not seek permission to file this supplemental pleading nor did he seek permission to file this supplemental pleading out of time.  Plaintiff thus utterly fails to satisfy the "excusable neglect" standard.  For this reason alone, Plaintiff's Supplemental Opposition should be stricken from the record and should not be considered by the Court.  PNC's Motion should be decided solely by reference to the authorities cited by PNC in its Motion and by Plaintiff in his original Opposition.

### B. PLAINTIFF'S FCRA CLAIMS FAIL AS A MATTER OF LAW AND ANY FURTHER AMENDMENT WOULD BE FUTILE.[3]

As set forth in PNC's Motion, to bring a claim under § 1681s-2(b), a plaintiff must plausibly allege: (1) that he notified a consumer reporting agency of the disputed information; (2) that the consumer reporting agency notified the defendant furnisher of the dispute; and (3) that the furnisher then failed to investigate and take appropriate corrective action. *See Ausar-El v. Barclay Bank Delaware,* PJM 12-0082, 2012 U.S. Dist. LEXIS 106572 (D. Md. July 31, 2012).  Plaintiff baselessly concludes in his Opposition that he "disputed the accuracy and validity of [consumer

---

[2]  While the Supplemental Opposition is dated March 22, 2026, the filing was formally docketed with the clerk on March 26, 2026.

[3]  As an initial matter, Plaintiff concedes in his Opposition that no private cause of action exists under 15 U.S.C. § 1681m.  *See* Opp. at 5; *see also Bartlett v. Bank of America, NA*, No. MJG-13-975, 2014 U.S. Dist. LEXIS 102897 (D. Md. July 29, 2014); *Putkowski v. Irwin Home Equity Corp.*, 423 F.Supp.2d 1053, 1061-62 (N.D. Cal. 2006) ("While § 1681n and § 1681o of the FCRA generally establish a private right of action for certain violations of the FCRA, § 1681m(h)(8) (added by FACTA) now expressly provides that there is no private right of action for violations of § 1681m."); *Farrow v. Capital One Auto Fin., Inc.*, No. CCB-06-2324, 2007 U.S. Dist. LEXIS 95750 (D. Md. Nov. 9, 2007) (citing *Putkowski* favorably). Moreover, even if the Court were to consider it, Plaintiff's Supplemental Motion fails to even address this claim.  *See generally*, Suppl. Opp.  Based on the foregoing, Plaintiff's FCRA claim under Section 1681m (Count IV) fails as a matter of law and should be dismissed with prejudice.

reporting information]…,[PNC] received notice of the dispute,…PNC failed to conduct a reasonable investigation; and Plaintiff suffered harm, including denial of banking access." *See* Opp. at 2-3. Moreover, Plaintiff argues that he is somehow unable to plead sufficient facts because these facts are "not available to Plaintiff before discovery." *Id.* However, Plaintiff conveniently ignores the fact that his Complaint does not include any of these allegations, nor does his Opposition establish any cure to the notable deficiencies with his FCRA claims including that Plaintiff actually disputed the credit information with a CRA, that PNC failed to conduct a proper and reasonable investigation into Plaintiff's disputes, that PNC failed to take appropriate corrective action, or that Plaintiff suffered "actual damages" as a result.

Instead, the Amended Complaint contains zero allegations or facts that in any way connect PNC to his claims under the FCRA claim for failure to investigate. Notably absent from the Amended Complaint is any factual allegation that Plaintiff is even a customer of PNC. In response, instead of addressing this argument in his Opposition, Plaintiff merely concludes that his status of a customer is a "fact" that the Court "cannot resolve" at this stage. *See* Opp. at 5. However, Plaintiff's Amended Complaint fails to establish that PNC was even reporting *any* information related to Plaintiff.[4]

Contrary to the conclusions set forth in his Opposition, Plaintiff's Amended Complaint fails to allege *what* was actually disputed as inaccurate or derogatory, much less *how* PNC failed to investigate this unknown and vague dispute. Instead, Plaintiff now argues that this "challenged information" was, on one hand, objectively and readily verifiable by PNC, while at the same time

---

[4]   Again, while Plaintiff alleges he "applied for ordinary consumer deposit account services (checking and/or savings accounts) with PNC," ECF No. 9 ¶ 6, Plaintiff explicitly acknowledges that this application was denied *and* any such checking account is in no way related to the furnishing of *credit* information. Plaintiff does not address this argument at all in his Opposition.

refusing to establish *what* information was challenged or verifiable, which is fatal to his claims. Assuming *arguendo* that (1) PNC furnished information related to Plaintiff, (2) Plaintiff properly alleged that he submitted a dispute to a CRA, and (3) PNC received the dispute from a CRA (which PNC denies), Plaintiff fails to allege what was actually inaccurate, derogatory, or adverse, much less how PNC failed to investigate this unknown dispute.[5]

Without further factual allegations to this effect, the Court is not obligated to accept Plaintiff's conclusory statement that the information in his file was inaccurate or that PNC's investigation was in any way unreasonable. *See Jackson v. Early Warning Servs., LLC,* No. PJM 15-1233, 2016 U.S. Dist. LEXIS 15150, at *16 (D. Md. Feb. 3, 2016) (dismissing FCRA claim for failure to plead sufficient detail regarding inaccuracy); *Johnson*, 2018 U.S. LEXIS 74086, at *11-12 (dismissing FCRA claim as plaintiffs' mere assertion that some investigation would have revealed an inaccuracy fails to support that furnisher's investigation was unreasonable); *Alston v. Wells Fargo Home Mortg.*, No. CV TDC-13-3147, 2016 U.S. Dist. LEXIS 24147, (D. Md. Feb. 26, 2016) ("the FCRA is designed to prevent the compilation and dissemination of *inaccurate* credit information, so a plaintiff cannot prevail on a claim against a credit furnisher…without showing of actual inaccuracy.") (internal quotation marks omitted; emphasis in original).[6]

Even further, Plaintiff's position that reasonableness is a "fact-intensive question not suitable for dismissal" is misplaced.  Plaintiff conveniently ignores that he has yet to identify what

---

[5] Similarly, in Plaintiff's Supplemental Opposition, Plaintiff confusingly argues that the critical issue is not merely whether adverse information once existed but whether PNC could "reasonably continue using such information years later…," *see* Suppl. Opp. ¶ 8, again without establishing or even attempting to identify *what* "adverse information" Plaintiff is alleging.

[6] As set forth in PNC's Motion, it remains unclear whether Plaintiff even had an account(s) with PNC and that PNC even furnished any information related to Plaintiff.

exactly was inaccurate and/or disputed.  Plaintiff cannot merely claim a generic "dispute" while also concluding that PNC's investigation into this unknown dispute was unreasonable without anything more.[7]  Put another way, PNC is unable to even reasonably respond to these allegations because the Amended Complaint fails to allege what Plaintiff is complaining about.[8]

While Plaintiff is correct in that Plaintiff's allegations "must be accepted as true," the Court need not accept as true "legal conclusions, elements of a cause of action, and base assertions devoid of further factual enhancement."  *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).  The requirement that a plaintiff's factual allegations "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" applies to all claimants, including those proceeding *pro se*.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 550 (2007)) (applying *Twombly* to a *pro se* complaint).  Thus, although a "*pro se* complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers,'" a *pro se* plaintiff's "'obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[7]    Whether based on negligence or willfulness, Plaintiff's Amended Complaint fails to explain in any way how PNC failed to conduct a reasonable investigation under § 1681s-2(b), or what should have even been investigated (including which account, if any). Accordingly, Plaintiff's FCRA claim must be dismissed. *See Bolden v. McCabe, Weisenberg & Conway, LLC*, No. DKC 13-1265, 2013 U.S. Dist. LEXIS 182057 (D. Md. Dec. 31, 2013) (dismissing FCRA claim where plaintiff failed to explain how a defendant's action amounted to FCRA violations or provide any facts giving rise to a plausible claim that it violated the FCRA negligently, much less willfully).

[8]    Again, Plaintiff's Supplemental Opposition argues that "the reasonableness of the reinvestigation procedures and reliance upon *disputed information* ordinarily presents a factual question inappropriate for dismissal at the pleading stage."  *See* Suppl. Opp. ¶ 10 (emphasis added).  Not only is this incorrect, Plaintiff continues to conclude PNC failed to investigate "disputed information" without ever identifying what information was disputed. Put another way, there is no possible way to argue reasonableness of an investigation when Plaintiff cannot even articulate what should have been investigated.

action will not do.'" *Thigpen v. McDonnell*, 273 Fed. App'x 271, 273 (4th Cir. 2008) (quoting *Erickson*, 551 U.S. at 94; *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

Here, the gravamen of Plaintiff's Opposition is that he believes there is some unidentified "adverse banking-risk information" without identifying or even attempting to explain what information he is referring to. As Plaintiff would have it, he speculates that there *may* be inaccurate and/or derogatory information and therefore his Amended Complaint must not be dismissed. However, Plaintiff misinterprets the law and because Plaintiff fails to sufficiently allege, among others, *what* was actually disputed as inaccurate, Plaintiff FCRA claim fails as a matter of law and should be dismissed with prejudice.

Lastly, Plaintiff's Amended Complaint fails to allege any actual damages based on any conduct by PNC. In support of the conclusions contained in the Amended Complaint, Plaintiff merely concludes that he suffered "concrete harm, including denial of access to standard banking services, financial disruption, reputational harm, and emotional distress." *See* Opp. at 5.[9] Plaintiff's ongoing conclusory assertion that his alleged "harm" is a direct and proximate cause of PNC's purported conduct is insufficient to allege actual damages under the FCRA. *See e.g., Wright v. TRW, Inc.*, 872 F.2d 420 (4th Cir. 1989) (concluding that, absent a willful violation, no nominal damages should be awarded without a separate showing of actual damages); *Doe v. Choa*, 306 F.3d 170, 181 n. 6 (4th Cir. 2002) ("actual damages" acts as a "gatekeeping function [to avoid] tremendous overcompensation of plaintiffs whose damages evidence fails to establish any meaningful injury at all.").

---

[9]    Plaintiff also baselessly concludes in his Supplemental Opposition that PNC's "continued use of obsolete or unverifiable adverse information caused concrete and ongoing harm, including denial of access to ordinary banking services, reputational injury, financial disruption, emotional distress, exclusion from mainstream banking participation, and continuing barriers to financial rehabilitation." *See* Suppl. Opp. ¶ 19.

Even more telling, Plaintiff's Opposition states that this conclusory harm was a result from PNC's "use or maintenance of adverse consumer reporting information." *See* Opp. at 5. The requirement for "actual damages" must necessarily be sustained as a result of the alleged negligent violation of the FCRA. *See* 15 U.S.C. § 1681o(a)(1) (noting actual damages available to any person liable for negligently failing to comply with any requirement imposed under the FCRA); *Letren v. Trans Union, LLC*, No. PX 15-3361, 2017 U.S. Dist. LEXIS 14628, at *9 (D. Md. Feb. 2, 2017); *Alston v. Truist Bank*, No. 22-2974-BAH, 2025 U.S. Dist. LEXIS 192465, at *38 (D. Md. Sep. 30, 2025) ("[w]ithout a causal relation between the violation of the [FCRA] and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'") (citations omitted). Here, Plaintiff now asserts that that his alleged damages, albeit conclusory, stem from "use or maintenance of adverse consumer reporting information," *not* as a result of PNC's failure to reasonably investigate his alleged dispute(s). Accordingly, not only are these allegations of actual damage deficient, Plaintiff concedes himself that his alleged damages are not the result of the alleged violation of the FCRA. Accordingly, Plaintiff's FCRA claim fails as a matter of law and should be dismissed with prejudice without further leave to amend.

### C. PNC'S MOTION TO DISMISS IS PROPER AND PLAINTIFF IS NOT ENTITLED TO DISCOVERY ON HIS DEFICIENT CLAIMS.

As noted above, the gravamen of Plaintiff's argument in his Opposition is that PNC's Motion is comprised of "fact-intensive" questions not suitable for dismissal and that he is not required to "prove" his allegations at this stage. Plaintiff argues that PNC's Motion should be denied because it "improperly seeks resolution of disputed factual issues, evidentiary inferences, and matters uniquely within Defendants' possession and control at the pleading stage." *See* Opp. at 1. While Plaintiff may be correct that Plaintiff's allegations "must be accepted as true," and that he need not "prove" his allegations, Plaintiff conveniently ignores that this does not apply to

baseless conclusions and Plaintiff cannot rely on these conclusions as a basis for some unknown claim in hopes of getting to discovery.

Contrary to Plaintiff's assertions, the Amended Complaint can absolutely be resolved at the motion to dismiss stage, especially given Plaintiff's failure to articulate any viable claim against PNC.  PNC's Motion is proper and Plaintiff is not entitled to discovery to shore up his manifestly deficient claims.  *See e.g. Charles v. McCabe Russell, PA*, No. JKB-25-0728, 2025 U.S. Dist. LEXIS 148531, at *8 (D. Md. July 31, 2025) (dismissing complaint for failure to state a claim where plaintiff offers no reason whatsoever to support discovery at this stage and to allow as much "would be to embrace the type of watered-down pleading that Rule 8 abhors."); *see also Fancis v. Giacomell*, 588 F.3d 186, 193 (4th Cir. 2009) (noting that a deficient complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") (citations omitted); *Sammarco v. Bd. of Educ.*, No. CCB-13-1079, 2013 U.S. Dist. LEXIS 131685, at *6, n. 2 (D. Md. Sep. 16, 2013) ("because [plaintiff] fails to allege any information to support a plausible claim for relief, discovery is unnecessary.").

Here, Plaintiff argues that PNC's Motion repeatedly demands evidentiary detail concerning a long list of documents and information contained nowhere in PNC's Motion.[10]  Plaintiff appears to argue that he cannot articulate a claim under the FCRA related to disputed information as that disputed information is somehow "exclusively within [PNC's] possession and control."  Opp. at 2.  Instead of articulating a valid claim against PNC, Plaintiff merely concludes PNC improperly

---

[10]   For example, Plaintiff argues that PNC demands evidentiary detail concerning: the precise contents of EWS reporting; internal dispute-routing process; whether EWS or another consumer reporting agency notified PNC; what PNC reviewed; what investigation PNC performed; what records PNC relied upon; what account-risk information was used; and what communications occurred between PNC and EWS.  *See* Opp. at 1.  However, a plain reading of PNC's Motion confirms that none of this information is "demanded" or even referenced.

relied on some unknown "adverse information," and that because this information is believed to exist, PNC is somehow withholding this information from Plaintiff.  Not only is this blatantly false, the Amended Complaint, and Plaintiff's Opposition, rely entirely on speculation.  In support of this position, Plaintiff argues that his Amended Complaint cannot possibly plead the disputed information because PNC is in control of that information.

Ultimately, Plaintiff's Opposition ignores that while his pleading should be liberally construed given his *pro se* status, he still must state a claim to relief that is "plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (internal quotation marks omitted). Moreover, "a plaintiff armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Because respondent's complaint is deficient…he is not entitled to discovery, cabined or otherwise."); *Francis v. Maryland*, No. ELH-21-1365, 2024 U.S. Dist. LEXIS 46824, at *62 (D. Md. Mar. 18, 2024) ("It is well settled that a lawsuit is not a fishing expedition, and sufficient allegations are required to enable a party to conduct discovery."); *St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, No. CV ELH-21-2337, 2023 U.S. Dist. LEXIS 57324 (D. Md. Mar. 31, 2023) ("Permitting plaintiffs to use discovery as a fishing expedition undermines the principle that only portions of a complaint which satisfy a plausibility standard, *i.e.*, more than possible and less than probable, should 'unlock the doors of discovery.'"). Plaintiff has failed to set forth a cause of action upon which relief can be granted and, therefore, is not entitled to discovery in the hopes of somehow articulating an actionable claim.

Accordingly, Plaintiff's Amended Complaint fails to set forth a claim upon which relief can be granted, Plaintiff is not entitled to discovery and the Court should dismiss Plaintiff's Amended Complaint with prejudice.

### D.  PLAINTIFF SHOULD NOT BE AFFORDED FURTHER LEAVE TO AMEND.

Plaintiff has already filed his original complaint against PNC, *see* ECF No. 1, an amended complaint, *see* ECF No. 4, and now his second, at-issue Amended Complaint.  ECF No. 9.  Despite these opportunities to shore up his allegations and assert a valid claim against PNC, Plaintiff has failed to cure his deficiencies and instead seeks leave to *again* amend his complaint.  Under Federal Rule of Civil Procedure 15(a), leave to amend generally should be freely granted when justice so requires.  However, leave to amend should be demined when the "amendment would be futile." *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).  Specifically, a court should deny leave to amend on the grounds of futility when the proposed amendment is "clearly insufficient or frivolous on its face" or "fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

Here, as explained above in detail, any further amendment would be futile.  Despite challenging Plaintiff's Amend Complaint, specifically outlining the deficiencies of his claims, Plaintiff concedes in his Opposition that he does not have a valid claim against PNC.  Put another way, Plaintiff has yet to identify or articulate *what* was allegedly inaccurate, adverse, or derogatory or that PNC even reported any information related to Plaintiff.  Allowing amendment would prejudice PNC by forcing it to incur further attorneys' fees for reviewing and responding to the various iterations of the same deficient claims, all of which are futile and have ben previously briefed in PNC's pending Motion.  The fact that Plaintiff has no identifiable dispute bars any possible FCRA claim and, therefore, amendment would be futile.

### III.   CONCLUSION

Based on the foregoing, PNC respectfully requests that the Court dismiss the Amended Complaint as to PNC with prejudice without leave to further amend.

12

Dated: May 27, 2026

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Erik L. Johnson*

Erik L. Johnson (Bar No. 20993)
John D. Sadler (Bar No. 16421)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
SadlerJ@ballardspahr.com
Johnsonel@ballardspahr.com

*Counsel for Defendant PNC Bank, N.A.*

13

**CERTIFICATE OF SERVICE**

This is to certify that on this 27th day of May, 2026, I caused a true and correct copy of

DEFENDANT PNC BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS to

be delivered electronically via the Court's ECF system to all counsel of record as well as by first-

class mail, postage prepaid, upon the following:

Gay Hamilton
12304 Burning Oak Court
Waldorf, MD 20601
*Pro Se Plaintiff*

Dated: May 27, 2026                                          */s/ Erik L. Johnson*
                                                             John D. Sadler (Bar No. 20993)

14
