IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY HAMILTON, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-26-482 |
| PNC BANK, NATIONAL ASS'N, *et al.*, | * | |
| Defendants. | * | |

**ORDER**

On February 4, 2026, Gary Hamilton, who is proceeding without counsel, filed a complaint against PNC Bank, National Association ("PNC"). ECF 1. He amended the complaint to add Early Warning Services, LLC ("Early Warning") as a defendant, ECF 9, and he filed a motion to appoint counsel, ECF 8, which he has supplemented and renewed, ECF 20, 30, 44, 47. He also filed a motion to seal the April 13 supplement, ECF 30. ECF 29.

On April 6, PNC filed a motion to dismiss. ECF 25. On April 15, Hamilton moved for an extension of time to respond to the motion, asserting that he had not received a copy of it. ECF 31. He also moved to strike the motion for lack of service. ECF 32. PNC responded that it had mailed the motion to Hamilton and that it did not oppose the extension of time; it attached a copy of the motion to its response. ECF 37, 37-1. Hamilton filed a reply, noting he had received the motion to dismiss and the Court's notice that his response was due May 15 and conceding that his request to strike the motion to dismiss is now moot. ECF 38. Hamilton asked the Court to "formally recognize the operative service date," "confirm the controlling deadline," and "reject Defendant's reliance on earlier filing dates unaffected by actual receipt." *Id.*

On May 13, Hamilton filed his response to PNC's motion to dismiss, and he supplemented it on May 22. ECF 43, 52. On May 27, PNC filed a reply. ECF 54.

Hamilton's opposition and supplement are accepted as timely filed. Accordingly, his motions for extension of time and motion to strike PNC's motion to dismiss are denied as moot.

Hamilton asks the Court to appoint pro bono counsel to represent him. ECF 8, 44, 47. He notes that he "has received assistance from a Pro Bono Senior Paralegal who has elected to remain anonymous," but he argues that "such assistance is necessarily limited and does not constitute legal representation." ECF 20, at 4. He states that the "senior paralegal (non-attorney)" has helped him in "researching statutory and procedural issues; preparing and structuring filings; [and] assisting in drafting the original complaint, amendments, and related submissions." ECF 30, at 2. He states that this "assistance . . . has now reached its practical and professional limits." ECF 47, at 2.

If the Court inquires—which the Court now does—Hamilton, as a *pro se* party, "must disclose the identity of any individual who has prepared, or assisted in preparing, any documents filed in this Court." *See* Loc. R. 102.1(a)(2) The "senior paralegal" who has assisted Hamilton with research and has drafted several of his filings is cautioned that they may not "practice law" in Maryland. Md. Code Ann., Bus. Occ. & Prof. § 10-206(a)(1); *see id.* § 10-601(a) ("[A] person may not practice . . . law in the State unless admitted to the Bar."). "Practice law" includes not only "giving legal advice," but also "preparing or helping in the preparation of any form or document that is filed in a court or affects a case that is or may be filed in a court," and "giving advice about a case that is or may be filed in a court." *Id.* § 10-101(h)(1)(i), (h)(2)(iii), (h)(2)(iv). If an individual not admitted to the Maryland State Bar "give[s] legal advice," they are "subject to disciplinary proceedings as the Maryland Rules provide." *Id.* § 10-206(d)(3)(i).

Hamilton asks the Court to seal his April 13 supplement to his motion to appoint counsel because the supplement "includes: personal litigation limitations; internal strategy considerations; [and] detailed explanations of procedural constraints," none of which he wants disclosed to the

2

defendants. ECF 29, at 2. As the Court reads Hamilton's request, he is asking not only for the supplement to be sealed but also for it to be filed ex parte so that the defendant cannot view it.

"It is settled beyond peradventure that, in our system of justice, ex parte judicial proceedings . . . are greatly disfavored" and "present substantial due process concerns." *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356 (4th Cir. 2007); *see* Code of Judicial Conduct for U.S. Judges, Canon 3(A)(4) (stating a judge should not "consider ex parte . . . communications concerning a pending or impending proceeding"). Thus, "as a general rule, ex parte communications by an adversary party to a decision-maker in an adjudicatory proceeding are prohibited as fundamentally at variance with our conceptions of due process." *Id.* at 357 (quoting *Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir. 2005)). Hamilton has not identified any reason to deviate from the prohibition against ex parte communications. His request to prevent disclosure of his April 13 supplemental filing to the defendants is denied.

As for sealing the document, that request is also denied. The public has a "qualified right of access" to documents filed in this Court, either under the common law or the First Amendment. *Doe v. Pub. Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014). "[P]ublic access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." *Id.* at 266. If the right of access stems from the common law, the movant must show that "countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

> [T]he factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

*In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–608 (1978)). If the First Amendment provides the right of access, to overcome

"[t]he presumption of openness," the movant must establish "an overriding interest" from which the Court can "find[] that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enter. Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984). The public's First Amendment right of access can be restricted "only if (1) [sealing] serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of [sealing], that compelling interest would be harmed; and (3) there are no alternatives to [sealing] that would adequately protect that compelling interest." *In re Wash. Post Co.*, 807 F.2d 383, 392 (4th Cir. 1986) (quoting *Press–Enter. Co.*, 464 U.S. at 514)); *see Gonzalez v. Cuccinelli*, 985 F.3d 357, 377 (4th Cir. 2021) (quoting *In re Wash. Post. Co.*). To protect the public's right of access to the courts under the common law and First Amendment, Local Rule 105.11 (D. Md. 2025), which governs the sealing of filings by the parties, states in relevant part that "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Hamilton has not justified sealing under either standard. He has not provided a compelling or countervailing interest that would be served by sealing the April 13 supplement. The motion to seal the April 13 supplement is denied. Hamilton will have the opportunity to withdraw the document before it is unsealed.

In civil actions, the court appoints counsel only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In so doing, the court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160,163 (4th Cir. 1984) (internal citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490

U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read and write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

In his motions, Hamilton does not identify any exceptional circumstances that would warrant appointment of counsel. Because Hamilton has had assistance thus far with his filings, the Court cannot determine his literacy or his ability to present his claims. And, at this early stage of the case, the Court cannot determine whether discovery or a hearing will be necessary to resolve this case. If Hamilton needs additional time to file motions or responses, he may request an extension of time, which the Court typically grants. Additionally, the Court must liberally construe all pleadings filed by *pro se* parties. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Thus, having found no exceptional circumstances warranting appointment of counsel, the motions are denied without prejudice.

Accordingly, it is, this 1st day of June, 2026, hereby ORDERED:

1. Hamilton's motions for appointment of counsel, ECF 8, 44, 47, ARE DENIED without prejudice;

2. Hamilton's motion for extension of time, ECF 31, IS DENIED as moot;

3. Hamilton's motion to strike, ECF 32, IS DENIED as moot;

4. Hamilton's opposition and supplemental opposition to PNC's motion to dismiss, ECF 43 & 52, ARE ACCEPTED as filed;

5. His motion to seal the April 13 supplement or file it ex parte, ECF 29, IS DENIED;

6. Within 14 days of the date of this Order, Hamilton MAY FILE notice of his withdrawal of the proposed sealed, ex parte document, ECF 30, in which case it will be stricken from the docket;

7. If Hamilton does not timely withdraw the April 13 supplement, it WILL BE UNSEALED;

8. PNC's motion to dismiss, ECF 25, REMAINS PENDING;

9. Hamilton's response to Early Warning's motion to dismiss, ECF 49, IS DUE June 22, 2026; and

10. The Clerk SHALL MAIL a copy of this Order to Hamilton.

Deborah L. Boardman
United States District Judge

6