HD

Rcv'd by: _____ *em*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

GARY HAMILTON,       Civil Action No. 8:26-cv-00482

     Plaintiff,

     v.

PNC BANK, NATIONAL ASSOCIATION,
and EARLY WARNING SERVICES, LLC,

     Defendants.
**********************************************************

## PLAINTIFF'S OPPOSITION TO DEFENDANT EARLY WARNING SERVICES, LLC'S MOTION TO DISMISS

Plaintiff Gary Hamilton, proceeding pro se, respectfully submits this Opposition to Defendant Early Warning Services, LLC's ("EWS") Motion to Dismiss and states as follows:

## I. INTRODUCTION

EWS seeks dismissal by arguing that Plaintiff has failed to identify the precise inaccurate information, the precise unreasonable procedure, the precise reinvestigation defect, and the precise information omitted from Plaintiff's file disclosure.

The Motion improperly attempts to require Plaintiff to plead with specificity information that Plaintiff alleges remains substantially within EWS's possession and control.

This action arises from the denial of ordinary banking services following the use of adverse consumer-reporting information and banking-risk information furnished by EWS and relied upon by PNC Bank. Plaintiff repeatedly disputed the adverse information, repeatedly sought disclosure of his EWS file, repeatedly complied with identity-verification requirements imposed by EWS, and nevertheless was denied complete disclosure sufficient to identify, evaluate, and challenge all information maintained, relied upon, or disseminated concerning him.

Accepting Plaintiff's factual allegations as true, as required under Rule 12(b)(6), Plaintiff has plausibly alleged violations of the Fair Credit Reporting Act ("FCRA"), including 15 U.S.C. §§ 1681e(b), 1681i, and 1681g.

Accordingly, EWS's Motion should be denied.

1

## II. STANDARD OF REVIEW

A motion under Rule 12(b)(6) tests the legal sufficiency of a complaint, not the ultimate merits of the case.

To survive dismissal, a plaintiff need only plead sufficient facts to state a claim that is plausible on its face. The Court must accept well-pleaded factual allegations as true, draw reasonable inferences in favor of the plaintiff, and construe pro se pleadings liberally.

Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff is not required to prove his claims, forecast evidence, or possess information uniquely controlled by Defendants before discovery.

## III. PLAINTIFF HAS PLAUSIBLY ALLEGED INACCURATE, MISLEADING, AND ADVERSE INFORMATION

EWS argues that Plaintiff failed to identify a specific inaccuracy.

The Amended Complaint alleges that PNC identified EWS as the source of consumer-reporting information used in connection with the denial of Plaintiff's application for ordinary deposit-account services.

The Amended Complaint further alleges that the EWS report and/or EWS score contained inaccurate information concerning Plaintiff's deposit-account history and/or negative account status and that the information resulted in denial of banking services.

Plaintiff disputed the information and sought reinvestigation and correction.

At the pleading stage, Plaintiff is not required to prove the ultimate contents of the EWS file before obtaining discovery.

Moreover, inaccuracy under the FCRA is not limited to a single demonstrably false data field.

Information may be inaccurate because it is materially misleading, incomplete, stale, obsolete, unverifiable, contextually distorted, or no longer representative of a consumer's present financial reliability.

Under Saunders v. Branch Banking & Trust Co. of Virginia, 526 F.3d 142, 148-50 (4th Cir. 2008), information may violate the FCRA where it creates a materially misleading impression likely to adversely affect financial decisions even if portions of the information are technically accurate.

Plaintiff alleges that EWS-related adverse banking-risk information created or contributed to a materially misleading impression regarding Plaintiff's present banking reliability and eligibility for ordinary banking services.

2

Those allegations are sufficient at the Rule 12 stage.

## IV. PLAINTIFF HAS PLAUSIBLY ALLEGED A VIOLATION OF 15 U.S.C. § 1681g

EWS's strongest argument is also the strongest reason dismissal should be denied.

EWS argues that Plaintiff failed to identify what information was omitted from the file disclosure.

That argument is circular.

Section 1681g exists because consumers often do not know what information a consumer reporting agency maintains in their files.

Plaintiff alleges that:

a. Plaintiff requested disclosure of his EWS file and consumer-report information;

b. EWS requested identity-verification documentation;

c. Plaintiff supplied the requested identification documentation;

d. Plaintiff disputed adverse information maintained by EWS; and

e. EWS failed to provide complete disclosure sufficient to identify all information maintained, used, relied upon, or furnished concerning Plaintiff.

EWS cannot use alleged nondisclosure as both a shield against disclosure and a sword supporting dismissal.

A consumer cannot reasonably be expected to identify the contents of information allegedly withheld from him.

At the pleading stage, Plaintiff should not be required to identify the precise contents of a file that EWS allegedly failed to fully disclose.

The information-asymmetry problem alleged here is precisely the reason Congress enacted § 1681g.

## V. PLAINTIFF HAS PLAUSIBLY ALLEGED A VIOLATION OF 15 U.S.C. § 1681i

Plaintiff alleges that:

a. adverse information existed within EWS records;

b. Plaintiff disputed that information;

c. Plaintiff sought reinvestigation and correction;

d. Plaintiff supplied requested documentation;

e. EWS conducted some form of investigation;

f. EWS failed to correct or delete the disputed information; and

g. harm continued.

EWS characterizes Plaintiff's claim as mere disagreement with the outcome of a reinvestigation.

That misstates Plaintiff's allegations.

Plaintiff does not merely disagree with a result.

Plaintiff challenges whether EWS conducted a meaningful and reasonable reinvestigation after receiving notice of dispute and supporting information.

Johnson v. MBNA America Bank, N.A., 357 F.3d 426, 430-31 (4th Cir. 2004), recognizes that a reinvestigation must constitute a meaningful inquiry.

Whether EWS adequately determined that the disputed information remained accurate, complete, current, verifiable, and fair for continued use presents factual questions that cannot be resolved on a Rule 12 motion.

## VI. PLAINTIFF HAS PLAUSIBLY ALLEGED A VIOLATION OF 15 U.S.C. § 1681e(b)

Plaintiff alleges that EWS prepared and furnished adverse information concerning Plaintiff, including negative account indicators and/or an EWS score, that the information was inaccurate, misleading, or otherwise not reflective of Plaintiff's true banking history, that Plaintiff disputed the information, and that EWS nevertheless continued maintaining and disseminating the adverse information.

Plaintiff further alleges that the adverse information was used in connection with the denial of ordinary banking services.

The Fourth Circuit has recognized that the reasonableness of procedures under the FCRA ordinarily presents a factual question.

Dalton v. Capital Associated Industries, Inc., 257 F.3d 409, 416-17 (4th Cir. 2001).

Discovery is necessary to determine what procedures EWS used, whether those procedures were reasonable, and whether those procedures were sufficient to assure maximum possible accuracy.

4

Dismissal before discovery is therefore inappropriate.

## VII. STALE, OBSOLETE, INCOMPLETE, MISLEADING, AND UNVERIFIABLE INFORMATION PRESENTS FACTUAL QUESTIONS

Even assuming adverse information once existed, substantial factual questions remain concerning whether such information remained accurate, current, verifiable, reliable, and fair for continued use.

The critical issue is not merely whether adverse information once existed.

The critical issue is whether EWS could reasonably continue maintaining, scoring, retaining, or disseminating such information after dispute notice without adequately determining:

a. whether the information remained accurate;

b. whether the information remained verifiable;

c. whether the information had been disputed, corrected, recalled, suppressed, modified, deleted, or superseded;

d. whether the information remained relevant to present-day banking risk;

e. whether continued reliance created a materially misleading impression concerning Plaintiff's current financial reliability; and

f. whether continued retention or dissemination violated the FCRA's requirements of fairness, accuracy, disclosure, and reasonable procedures.

These issues are inherently factual and unsuitable for resolution on a motion to dismiss.

## VIII. INFORMATION ASYMMETRY REQUIRES DISCOVERY

The categories of information EWS claims Plaintiff failed to identify remain substantially within EWS's possession and control.

Those categories include:

• Plaintiff's complete EWS file;

• disclosure records and disclosure logs;

• dispute records;

• reinvestigation records;

5

- source records;

- adverse indicators;

- EWS scoring information and scoring factors;

- retention histories;

- suppression histories;

- deletion histories;

- modification histories;

- communications between EWS and PNC; and

- records identifying what information was disclosed, withheld, omitted, corrected, or retained.

Because EWS controls the information necessary to evaluate Plaintiff's claims, dismissal prior to discovery would be premature.

## IX.  ANALYSIS FOR COURT TO VIEW

Purpose

To determine whether EWS complied with its statutory duties of disclosure, accuracy, fairness, and reinvestigation under the FCRA.

Question at Issue

May a consumer reporting agency withhold or fail to disclose information maintained in a consumer's file and then obtain dismissal because the consumer cannot identify the contents of that undisclosed information?

Information

Plaintiff alleges denial of banking services, adverse reporting, repeated disputes, disclosure requests, identity verification, incomplete disclosure, and continuing adverse consequences.

Assumptions

EWS assumes Plaintiff can identify information that EWS allegedly failed to disclose.

Inference

6

If EWS's position is accepted, consumer reporting agencies could avoid judicial review by withholding information while simultaneously demanding greater specificity from consumers.

Implications and Consequences

Acceptance of EWS's position would substantially undermine the disclosure protections established by § 1681g and frustrate the remedial purposes of the FCRA.

# X. ALTERNATIVE REQUEST FOR LEAVE TO AMEND

Should the Court determine that additional factual specificity is required, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

Leave to amend should be freely granted when justice so requires.

Plaintiff proceeds pro se.

Discovery has not occurred.

The information necessary to further particularize Plaintiff's claims remains substantially within Defendants' possession and control.

Any alleged deficiency concerns factual specificity rather than legal impossibility.

Accordingly, amendment rather than dismissal with prejudice is the appropriate remedy.

# XI.                CONCLUSION

Defendant Early Warning Services, LLC seeks dismissal by arguing that Plaintiff has not identified the precise inaccurate information, the precise unreasonable procedure, the precise reinvestigation defect, or the precise information omitted from Plaintiff's file disclosure.

The Motion ignores the central allegations of the Amended Complaint.

Plaintiff alleges denial of banking services, disputed adverse information, repeated requests for disclosure, repeated compliance with identity-verification requirements, incomplete disclosure, unreasonable reinvestigation, unreasonable procedures, and resulting damages.

At the pleading stage, Plaintiff is not required to prove his claims or identify information uniquely controlled by Defendant.

Plaintiff has plausibly alleged violations of 15 U.S.C. §§ 1681g, 1681i, and 1681e(b).

At minimum, Plaintiff is entitled to discovery concerning the contents of his EWS file, disclosure records, dispute records, reinvestigation records, source information, scoring information, adverse indicators, retention practices, and communications with PNC.

7

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. DENY Defendant Early Warning Services, LLC's Motion to Dismiss;

B. Permit Plaintiff's claims to proceed to discovery;

C. Alternatively defer ruling pending limited discovery;

D. Alternatively grant Plaintiff leave to amend pursuant to Rule 15(a)(2); and

E. Grant such other and further relief as justice requires.

Respectfully submitted,

Gary Hamilton
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June, 2026, a true and correct copy of the foregoing PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT EARLY WARNING SERVICES, LLC'S MOTION TO DISMISS was served by United States Mail, postage prepaid, and/or by electronic service upon:

Elizabeth M. Briones, Esq.
Troutman Pepper Locke LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
elizabeth.briones@troutman.com

Counsel for Defendant Early Warning Services, LLC

I further certify that service was made in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Gary Hamilton
Plaintiff, Pro Se

8