**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| **GARY HAMILTON,** | |
| **Plaintiff,** | |
| **v.** | **Civil Case No. 8:26-cv-00482-AAQ** |
| **PNC BANK, NATIONAL ASSOCIATION,** *et al.*, | |
| **Defendants.** | |

**DEFENDANT EARLY WARNING SERVICES, LLC'S
REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

    I.      Plaintiff Still Fails to Identify Any Specific Inaccuracy, Which is Fatal to His § 1681e(b) and § 1681i Claims. ..........................................................................2

    II.     Neither Opposition Addresses Plaintiff's Failure to Allege the Remaining Elements of a § 1681e(b) claim. .................................................................................3

    III.    Plaintiff's § 1681i Claim Fails Because He Does Not Plausibly Allege that EWS's Reinvestigations Were Insufficient. ...............................................................4

    IV.    Plaintiff's § 1681g Claim Remains Fatally Deficient. ..............................................6

    V.     The CFPB Complaint Data in the Updated Opposition Do Not Cure Any Pleading Deficiency. .................................................................................................8

    VI.    The Need for Discovery Cannot Save a Legally Deficient Pleading. ......................8

    VII.   Leave to Amend Should Be Denied. ..........................................................................9

CONCLUSION ......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bailey v. Experian Info. Sols., Inc.*,
　No. 1:16-cv-789 ...................................................................................................................2

*Brown v. Experian Credit Reporting*,
　2012 WL 6615005 (D. Md. Dec. 17, 2012)...................................................................2, 3

*Carrafield v. TransUnion LLC*,
　No. 8:25-cv-01509, 2025 WL 3692013 (C.D. Cal. Dec. 15, 2025)...........................................4

*Dalton v. Capital Associated Indus., Inc.*,
　257 F.3d 409 (4th Cir. 2001) .......................................................................................2, 3

*Davis v. Equifax Info. Servs. LLC*,
　346 F. Supp. 2d 1164 (N.D. Ala. 2004) ......................................................................5

*Dawkins v. Experian Info. Sols., Inc.*,
　2022 WL 17668425 (D.S.C. Oct. 19, 2022) ...........................................................3, 6

*Denton v. JPMorgan Chase & Co.*,
　No. 4:19-cv-114, 2020 WL 5909153 (E.D. Va. Oct. 6, 2020) ....................................4

*Dill v. Experian Info. Sols. Inc.*,
　No. 3:23-cv-1399, 2026 WL 958784 (N.D. Tex. Mar. 18, 2026)...........................................2

*Does 1-9 v. Murphy*,
　No. 7:20-cv-00947, 2022 WL 22886817 (D.S.C. June 2, 2022) ...............................9

*Jackson v. Warning*,
　No. 15-cv-1233, 2016 WL 7228866 (D. Md. Dec. 13, 2016) ...................................5

*Johnson v. MBNA America Bank, N.A.*,
　357 F.3d 426 (4th Cir. 2004) .....................................................................................5

*Kolley v. Adult Protective Servs.*,
　725 F.3d 581 (6th Cir. 2013) .....................................................................................9

*McDaniel v. Green Dot Corp.*,
　No. 5:23-cv-406, 2024 WL 102866 (E.D.N.C. Jan. 9, 2024) ...................................6

*Mey v. Patriot Payment Grp., LLC*,
　No. 5:15-cv-27, 2016 WL 11501450 (N.D.W. Va. Jan. 5, 2016)...........................................9

*Mylan Labs., Inc. v. Matkari,*
7 F.3d 1130 (4th Cir. 1993) ...............................................................................................9

*Senegal v. Jefferson Cnty.,*
1 F.3d 1238 (5th Cir. 1993) ...............................................................................................9

*Smith v. TransUnion,*
No. 24-cv-1727, 2025 WL 1287756 (S.D. Cal. May 1, 2025) ...................................................4

*Synaptek Corp. v. Sentinel Ins. Co.,*
No. 1:18-cv-968, 2018 WL 6042807 (E.D. Va. Nov. 15, 2018), *aff'd*, 771 F.
App'x 186 (4th Cir. 2019) ...............................................................................................9

*Thomas v. Mercedes Benz Credit Corp.,*
No. 8:04-cv-976, 2006 WL 8457059 (D. Md. June 27, 2006) ...................................................3

*Waller v. Experian Info. Sols., Inc.,*
No. 1:23-cv-1960, 2024 WL 3555344 (D. Md. July 24, 2024) ..................................................7

*White v. Trans Union, LLC,*
No. 1:20-cv-04360, 2021 WL 4988303 (N.D. Ga. Sep. 28, 2021)............................................5

Defendant, Early Warning Services, LLC ("EWS"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6) hereby responds to Plaintiff Gary Hamilton's ("Plaintiff") Opposition to EWS's Motion to Dismiss Plaintiff's Second Amended Complaint ("Opposition").

## **INTRODUCTION**

Plaintiff's Second Amended Complaint fails to state a plausible claim for relief under any provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") that he invokes, and neither of his opposition briefs (ECF Nos. 56, 57) remedies those deficiencies. As a threshold matter, the Updated Opposition (ECF No. 57) is itself procedurally improper. Plaintiff filed a second, expanded brief just four days after his initial opposition, without seeking or obtaining the Court's permission, effectively asking the Court to consider two opposition briefs to a single dispositive motion. That filing should be stricken or disregarded, and the Court's analysis should proceed on the original Opposition (ECF No. 56) alone.

Even setting aside the procedural deficiency, the substantive arguments in both the original Opposition and the Updated Opposition (collectively, the "Oppositions") fail. Plaintiff's claims under § 1681e(b) and § 1681i are fatally deficient because he has never identified a single specific piece of inaccurate information in EWS's reporting - a threshold requirement for both claims under controlling Fourth Circuit precedent. He does not allege *what* information was wrong, *how* it was wrong, or *how* any deficiency in EWS's procedures caused the alleged harm. His § 1681i claim fares no better, as his own allegations confirm that EWS received his dispute and conducted a reinvestigation; his grievance is only with the outcome. And his § 1681g file-disclosure claim is undermined by an internal contradiction in his own pleadings. Plaintiff cannot simultaneously allege that EWS withheld his entire consumer file and that he was nonetheless able to identify and dispute specific adverse information within it following his supposed disclosure request.

1

Accordingly, the Second Amended Complaint should be dismissed with prejudice.

## ARGUMENT

I.    **Plaintiff Still Fails to Identify Any Specific Inaccuracy, Which is Fatal to His § 1681e(b) and § 1681i Claims.**

Both opposition briefs attempt to reframe the threshold inaccuracy requirement as an improperly heightened pleading standard. However, alleging an actionable inaccuracy is a threshold requirement to state a violation of § 1681e(b) and § 1681i. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Brown v. Experian Credit Reporting,* 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2012) ("In order to state a claim for failure to comply with § 1681e(b), Plaintiff must allege that a consumer report contained inaccurate information. The same is true of § 1681i(a)."). Plaintiff fails to plead that threshold requirement, which is fatal to both claims. *See Dill v. Experian Info. Sols. Inc.*, No. 3:23-cv-1399, 2026 WL 958784, at *8 (N.D. Tex. Mar. 18, 2026) (holding plaintiff "has the burden of proving the inaccuracy of the information on his credit report—failure to do so would be fatal to his claims"); *Bailey v. Experian Info. Sols., Inc.*, No. 1:16-cv-789; 2016 WL 9558951, at *4 (N.D. Ga. Dec. 9, 2016) (finding plaintiff failed to state a claim under § 1681e(b) where he "failed to allege facts sufficient to demonstrate plausible claims that Defendants inaccurately reported his credit," such as "descriptions of what Plaintiff found inaccurate about his report"), *report and recommendation adopted*, 2017 WL 3836115 (N.D. Ga. Jan. 9, 2017).

Neither Opposition disputes that the Second Amended Complaint fails to identify any specific piece of information that is false or misleading. Instead, Plaintiff continues to rely on generic assertions that EWS reported "inaccurate information concerning Plaintiff's deposit-account history and/or negative account status" and information that may be "stale, obsolete, incomplete, misleading, and unverifiable." (ECF No. 57 at 3, 9.) However, this position is not

2

supported by any case law or the language of the FCRA as Plaintiff does not specify any inaccurate account or accounts that relate to his claims.  Indeed, Plaintiff has failed to allege *what* information was inaccurate, *how* it was inaccurate, or *how* such inaccuracies resulted from a failure by EWS to maintain reasonable procedures or conduct a reasonable reinvestigation.  As this Court and others have recognized, a plaintiff must allege that specific reported information was incorrect or so misleading as to adversely affect credit decisions.  *See Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Brown v. Experian Credit Reporting*, 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2012); *Dawkins v. Experian Info. Sols., Inc.*, 2022 WL 17668425, at *7 (D.S.C. Oct. 19, 2022).

**II.     Neither Opposition Addresses Plaintiff's Failure to Allege the Remaining Elements of a § 1681e(b) claim.**

As argued in EWS's Motion to Dismiss, Plaintiff's § 1681e(b) claim as pled in the Second Amended Complaint fails because he has not alleged that any purported inaccuracies resulted from EWS's failure to maintain reasonable procedures—a required element of a § 1681e(b) claim.  *See Thomas v. Mercedes Benz Credit Corp.*, No. 8:04-cv-976, 2006 WL 8457059, at *3 (D. Md. June 27, 2006) (explaining that to allege a violation of § 1681e(b), a plaintiff "must show that: (1) the consumer reports contain inaccurate information and (2) [defendants] did not use reasonable procedures to ensure the accuracy of the information") (citing *Dalton*, 257 F.3d at 415).

Plaintiff's Opposition attempts to remedy this deficiency by summarily arguing that "[t]he Fourth Circuit has recognized that the reasonableness of procedures under the FCRA ordinarily presents a factual question." (ECF No. 57 at 8 (citing *Dalton*, 257 F.3d at 416).)  Plaintiff's reliance on *Dalton* is misplaced.  In that case, the plaintiff alleged that the defendant's procedures were unreasonable because it "fail[ed] to instruct its subvendors on the proper sources of criminal history information." *Dalton*, 257 F.3d at 416.  Here, by contrast, Plaintiff does not allege *what*

3

procedures EWS actually used, what procedures it allegedly should have used, *how* any procedure was unreasonable, or *how* any supposed deficiency in EWS's procedures caused the alleged inaccuracy in his report. The Second Amended Complaint contains no nonconclusory allegation that EWS failed to follow reasonable procedures resulting in inaccurate information, nor any allegation that EWS's policies or procedures were unreasonable in any specific respect. The Oppositions fare no better. Neither opposition advances beyond the same conclusory allegations contained in the Second Amended Complaint nor make no attempt to explain how a different procedure would have cured the alleged inaccuracies.

Plaintiff's § 1681e(b) claim therefore fails and must be dismissed. *See Denton v. JPMorgan Chase & Co.*, No. 4:19-cv-114, 2020 WL 5909153, at *11 (E.D. Va. Oct. 6, 2020) (dismissing § 1681e(b) claim because "Plaintiff simply recites the statutory language from § 1681e(b) when he alleges that Experian did not follow 'reasonable procedures'"); *Carrafield v. TransUnion LLC*, No. 8:25-cv-01509, 2025 WL 3692013, at *2 (C.D. Cal. Dec. 15, 2025) ("Plaintiff's claims fail under § 1681e(b) because he does not specifically identify what information in his credit file was inaccurate [or] what Trans Union did to violate policies and procedures in the FCRA[.]"); *Smith v. TransUnion*, No. 24-cv-1727, 2025 WL 1287756, at *2 (S.D. Cal. May 1, 2025) (dismissing § 1681e(b) claim because the plaintiff failed to establish an inaccuracy and did not "identif[y] any unreasonable procedure").

### III. Plaintiff's § 1681i Claim Fails Because He Does Not Plausibly Allege that EWS's Reinvestigations Were Insufficient.

Plaintiff's Opposition does not address EWS's argument that the Second Amended Complaint fails to include any allegation that EWS's reinvestigations were insufficient, which is required to state a claim under § 1681i. As EWS demonstrated in its Motion to Dismiss, Plaintiff's own allegations confirm that EWS received Plaintiff's dispute, requested identity verification, and

conducted an investigation.  (ECF No. 57 at 7.)  Plaintiff's sole grievance is that EWS did not delete the disputed information or in other words that he disagrees with the outcome.

Outside of his disapproval of EWS's reinvestigation process and outcomes, Plaintiff does not allege *how* EWS's reinvestigation was improper.  In fact, Plaintiff has not alleged a specific inaccuracy in EWS's reporting, and he never identifies any documentation that he submitted to EWS indicating inaccuracies in his report.  Instead, Plaintiff summarily insists that his allegations that "adverse information existed within EWS records," he "disputed that information," "EWS conducted some form of investigation," and "EWS failed to correct, delete, suppress, or adequately explain the disputed information" are sufficient to establish a § 1681i claim.  (ECF No. 57 at 6-7.) However, this position relies only on the same conclusory allegations contained in the Second Amended Complaint that are insufficient to state a claim against EWS.  *See, e.g., Jackson v. Warning*, No. 15-cv-1233, 2016 WL 7228866, at *8 (D. Md. Dec. 13, 2016) (dismissing FCRA claims and finding that the credit reporting agency "might well have fulfilled their obligations under § 1681i by reinvestigating the disputed items and determining that they should not be deleted, regardless of [Plaintiff's] assertions that they are 'inaccurate'"); *White v. Trans Union, LLC*, No. 1:20-cv-04360, 2021 WL 4988303, at *2 (N.D. Ga. Sep. 28, 2021) (reasoning that a CRA "did exactly what it was supposed to do" when it "provide[d] notification of [Plaintiffs] dispute to" the furnisher, which verified "that its reporting . . . was accurate"); *Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1173 (N.D. Ala. 2004) (finding that Experian conducted a reasonable reinvestigation by "contacting the furnishers of information, notifying them of the nature of the dispute, and asking them to investigate the information currently being reported").[1]

---

[1] Moreover, Plaintiff's reliance on *Johnson v. MBNA America Bank, N.A.*, 357 F.3d 426 (4th Cir. 2004) is misplaced as the case does not support his assertion.  (ECF No. 57 at 7.)  In *Johnson*, the

Accordingly, Plaintiff fails to state an actionable claim under § 1681i, and that claim must be dismissed.

### IV.    Plaintiff's § 1681g Claim Remains Fatally Deficient.

Plaintiff's file disclosure claim under §1681g fails for the same reasons set forth in EWS's Motion to Dismiss, and neither Opposition remedies those deficiencies.  Plaintiff's claim rests entirely on the bare assertion that he requested disclosure of his "file and consumer report information" and EWS failed to provide a "full and complete disclosure of [his] file."  (ECF No. 9 at ¶¶ 28-29.)  The Second Amended Complaint does not allege *when* any request was made, *what* EWS provided in response, or *what* specific information was purportedly withheld.  Thus, Plaintiff's allegations are wholly insufficient to state § 1618g claim.  *See Dawkins*, 2022 WL 17668425, at *6 (explaining "cursory allegations fail to state" a Section 1681g claim where the plaintiff "does not specify what information or part of his consumer credit file was not disclosed by" the defendant); *McDaniel v. Green Dot Corp.*, No. 5:23-cv-406, 2024 WL 102866, at *5 (E.D.N.C. Jan. 9, 2024) (dismissing Section 1681g claim where the plaintiff "allege[d] that the CRAs failed to provide full disclosure, but she provide[d] no specific information concerning what information the CRAs denied her or failed to provide").

From what EWS can discern, neither Opposition cures these deficiencies.  Instead of supplying the missing factual allegations, the Updated Opposition argues that requiring Plaintiff to identify withheld information is "circular" because the whole problem is that EWS withheld it. (ECF No. 57 at 6.)  That argument conflates the merits with the pleading standard.  The issue is not whether EWS ultimately complied with § 1681g—it is whether the Second Amended Complaint contains sufficient factual allegations to state a plausible claim for relief.  Thus,

---

Fourth Circuit addressed the reasonableness of a furnisher's procedures under § 1681s-2(b), *not* § 1681i.  357 F.3d at 428.

Plaintiff's information-asymmetry argument does not relieve him of the obligation to plead at least some facts about *what* he requested, *when* he requested it, and *what* response, if any, he received. Courts in this Circuit have applied that requirement uniformly.  *Waller v. Experian Info. Sols., Inc.*, No. 1:23-cv-1960, 2024 WL 3555344, at *4 (D. Md. July 24, 2024) ("the allegations in [the plaintiff's] Complaint amount to mere conclusory statements that repeat the statutory language found in the FCRA" and "[a] 'formulaic recitation' of the FCRA's statutory language will not survive a motion to dismiss).

Moreover, the Oppositions compound the pleading deficiency through a self-defeating internal contradiction.  Plaintiff simultaneously contends that EWS "failed to provide complete disclosure sufficient to identify all information maintained, used, relied upon, scored, retained, furnished, or disseminated concerning Plaintiff" (ECF No. 57 at 6), while also asserting throughout both Oppositions that he "disputed adverse information maintained by EWS" *after* his disclosure request.  (*Id.*)  Those two propositions cannot be reconciled.  If EWS truly withheld Plaintiff's consumer file in its entirety, Plaintiff would have lacked the means to identify and dispute specific adverse information.  The fact that Plaintiff was able to dispute specific adverse information necessarily implies that he received a disclosure sufficient to identify the purported inaccurate information. This internal contradiction does not raise a factual question for discovery.  Instead, it affirmatively undermines the § 1681g theory on the face of Plaintiff's own pleadings and Oppositions.

For these reasons, and those outlined in EWS's Motion, Plaintiff fails to state an actionable § 1681g claim and it must therefore be dismissed.

V.    **The CFPB Complaint Data in the Updated Opposition Do Not Cure Any Pleading Deficiency.**

The Updated Opposition introduces a table of CFPB consumer complaint data purporting to show that other consumers have lodged complaints about EWS involving issues allegedly similar to those raised here.  (ECF No. 57 at 13-15.)  This material is legally irrelevant to the pending Motion to Dismiss and cannot substitute for the factual allegations the Second Amended Complaint fails to provide.

First, the complaints of other consumers have no bearing on whether *this* Plaintiff has adequately pled *his* claims.  The question before the Court is whether the Second Amended Complaint states a plausible claim for relief based on *Plaintiff's* factual allegations—not whether other consumers have filed complaints about EWS with the CFPB.  Second, this data is unverified and thus unreliable.  Plaintiff offers no foundation for the figures cited in the table.  Accordingly, the CFPB data is not only irrelevant to the pending Motion to Dismiss but does not cure any of the deficiencies identified in EWS's Motion to Dismiss.

VI.    **The Need for Discovery Cannot Save a Legally Deficient Pleading.**

The proper inquiry on a Rule 12(b)(6) motion is whether the complaint,  taken as true and viewed in the light most favorable to the plaintiff, states a plausible claim for relief under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  Yet Plaintiff devotes a substantial portion of his Oppositions to arguing that dismissal is improper because certain "categories of information are not reasonably available to Plaintiff without disclosure or discovery" and "[d]iscovery is necessary to determine what procedures EWS used, whether those procedures were reasonable, [and] whether EWS followed them."  (ECF No. 57 at 6, 8-9.)  He further argues that "information asymmetry requires discovery" and "dismissal prior to discovery would be premature."  (*Id.* at 15, 17.)  Plaintiff fundamentally misunderstands the Rule 12(b)(6) standard, as he is not entitled to

discovery at this stage. *See Senegal v. Jefferson Cnty.*, 1 F.3d 1238 (5th Cir. 1993) ("A motion to dismiss pursuant to Rule 12(b)(6) is decided solely on the pleadings; thus, the degree of discovery conducted is irrelevant to a Rule 12(b)(6) motion."); *see also Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment."). Thus, Plaintiff purported need for discovery is irrelevant to the only issue currently before the Court—whether the Second Amended Complaint states a plausible claim for relief under Rule 12(b)(6).

## VII. Leave to Amend Should Be Denied.

Plaintiff, however, fails to argue how he could amend the Second Amended Complaint without the amendment being futile. A court "may deny leave to amend and dismiss with prejudice when amendment would be futile." *Synaptek Corp. v. Sentinel Ins. Co.*, No. 1:18-cv-968, 2018 WL 6042807, at \*3 (E.D. Va. Nov. 15, 2018), *aff'd*, 771 F. App'x 186 (4th Cir. 2019). An amendment is futile "if there is no set of facts that could be proven under the amendment that would constitute a valid and sufficient claim." *Mey v. Patriot Payment Grp., LLC*, No. 5:15-cv-27, 2016 WL 11501450, at \*1 (N.D.W. Va. Jan. 5, 2016); *Does 1-9 v. Murphy*, No. 7:20-cv-00947, 2022 WL 22886817, at \*1 (D.S.C. June 2, 2022) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

As explained in the Motion to Dismiss and herein, Plaintiff's second attempt to assert plausible claims against EWS fail as a matter of law. Despite multiple opportunities to amend his complaint, Plaintiff still fails to allege facts that would provide a prima facie showing of inaccurate reporting or failure to provide a file disclosure upon request. Indeed, Plaintiff has already amended his complaint three times and still cannot articulate a plausible claim for relief against either Defendant. Thus, Plaintiff cannot amend his Second Amended Complaint to cure the identified

deficiencies and state a plausible claim against EWS.  Because leave to amend would be futile, the Second Amended Complaint should be dismissed with prejudice and without leave to amend.

## **CONCLUSION**

For the foregoing reasons, Early Warning Services, Inc. respectfully requests that this Court enter an order: (1) granting EWS's Motion to Dismiss; (2) dismissing the Second Amended Complaint with prejudice; and (3) granting EWS all other such relief as the Court deems just and appropriate, including its costs.


Date:  June 18, 2026                                  Respectfully submitted,

                                                            */s/ Elizabeth M. Briones*
                                                            Elizabeth M. Briones (MD Bar 30844)
                                                            Troutman Pepper Locke LLP
                                                            401 9th St., N.W., Suite 1000
                                                            Washington, DC 20004-2134
                                                            Tel: 202-274-2950
                                                            Email: elizabeth.briones@troutman.com

                                                            *Counsel for Defendant Early Warning Services, LLC*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that I served a copy by U.S. Mail and electronic mail upon:

Gary Hamilton
12304 Burning Oak Court
Waldorf, MD 20601
garyhamilton717@gmail.com
*Pro Se Plaintiff*

/s/ Elizabeth M. Briones
Elizabeth M. Briones (MD Bar 30844)

*Counsel for Defendant Early Warning Services, LLC*

11