# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

**GARY HAMILTON,**                     Civil Action No. 8:26-cv-00482-DLB

USDC- GREENBELT
'26 JUL 1 PM 12:24

    Plaintiff,

    v.

**PNC BANK, NATIONAL ASSOCIATION, et al.,**

    Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PLAINTIFF'S MOTION FOR LEAVE TO FILE PROPOSED SURREPLY AND MOTION FOR EXTENSION OF TIME

Plaintiff Gary Hamilton, appearing pro se, respectfully moves, pursuant to Local Rule 105.2(a),

Federal Rules of Civil Procedure 6(b)(1) and 7(b), for leave to file the attached Proposed

Surreply in further opposition to Defendant Early Warning Services, LLC's Reply in Support of

its Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 62)**[1], and for a

corresponding enlargement of time, if necessary, to deem the Proposed Surreply timely filed.

In support, Plaintiff states as follows:

## I. INTRODUCTION

This Motion is narrowly directed to arguments first raised or materially expanded in Defendant's

Reply (ECF No. 62). Plaintiff does not seek to reargue issues previously briefed. Instead,

---

**Footnote**

(1) Defendant's operative Reply is ECF No. 62. The previously docketed filing was marked 'FILED IN ERROR' by the Clerk for use of an incorrect CM/ECF event and was replaced by ECF No. 62. Plaintiff's Proposed Surreply responds solely to the operative Reply.

1

Plaintiff seeks an opportunity to address new procedural arguments, new legal theories, and new factual characterizations that could not reasonably have been addressed in Plaintiff's prior Opposition.

Granting leave will assist the Court in resolving Defendant's Rule 12(b)(6) Motion upon a complete and balanced record without prejudicing Defendant.

## II. LEGAL STANDARD

Local Rule 105.2(a) provides that a surreply may not be filed without leave of Court.

The District of Maryland has repeatedly recognized that leave is appropriate where a reply brief introduces new arguments or matters that the opposing party has not previously had an opportunity to address.

In **Khoury v. Meserve**, 268 F. Supp. 2d 600, 605 (D. Md. 2003), the Court explained:

"Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."

Likewise, **Medish v. Johns Hopkins Health System Corp.**, 272 F. Supp. 3d 719, 722 (D. Md. 2017), recognizes that surreplies are appropriate when a reply introduces new issues or arguments.

Similarly, **Boland v. Amazon.com Sales, Inc.**, 628 F. Supp. 3d 595, 599 (D. Md. 2022), notes that permitting a surreply is appropriate in the interests of fairness where new matters first appear in a reply memorandum.

In **Clawson v. FedEx Ground Package System, Inc.**, 451 F. Supp. 2d 731, 734-35 (D. Md. 2006), the Court explained that where new arguments appear for the first time in a reply, the Court may either disregard those arguments or permit a surreply.

Finally, **Suchin v. Fresenius Medical Care Holdings, Inc.**, 715 F. Supp. 3d 703, 710 (D. Md. 2024), recognizes that although surreplies are generally disfavored, they remain appropriate where fairness requires additional briefing.

Federal Rule of Civil Procedure 7(b) authorizes the filing of motions requesting such relief, while Rule 6(b)(1) authorizes enlargement of time upon a showing of good cause.

## III. GOOD CAUSE EXISTS

Good cause exists for several independent reasons.

### A. Defendant's Reply Raises New Arguments

ECF No. 62 raises or materially expands arguments that were not fully presented in Defendant's

opening memorandum, including:

- requesting that the Court disregard Plaintiff's Updated Opposition;
- arguing for the first time that Plaintiff's § 1681g allegations are internally contradictory;
- asserting that Plaintiff's reliance upon CFPB and pattern evidence is legally irrelevant;
- contending that discovery cannot be considered in evaluating plausibility;
- requesting dismissal with prejudice based upon alleged futility of amendment;
- expanding Defendant's Rule 15 argument by asserting Plaintiff has already amended multiple times.

Each constitutes an issue Plaintiff previously had no opportunity to address.

### B. The Proposed Surreply Is Narrowly Tailored

The Proposed Surreply does not repeat Plaintiff's earlier Opposition.

Instead, it addresses only those new issues first raised or materially expanded in Defendant's

Reply.

Accordingly, permitting the filing promotes judicial economy by providing a complete

adversarial presentation while avoiding repetitive briefing.

### C. Defendant Will Suffer No Prejudice

Defendant has already fully briefed its Motion to Dismiss.

The Proposed Surreply merely permits Plaintiff to respond to newly raised issues.

No discovery deadline, scheduling order, or trial date will be affected.

Conversely, denying leave would permit Defendant to obtain the final word on issues first

introduced after Plaintiff's Opposition had already been filed.

## D. Alternative Relief

If the Court determines that leave to file a surreply should not be granted, Plaintiff respectfully requests, in the alternative, that the Court decline to consider any arguments first raised in Defendant's Reply that Plaintiff previously had no opportunity to address, consistent with **Clawson**.

## E. The Interests of Justice Favor Resolution on a Complete Record

Granting leave and, if necessary, a brief enlargement of time, will permit the Court to resolve Defendant's dispositive Rule 12(b)(6) Motion on a complete adversarial record. The requested relief is narrowly tailored, imposes no cognizable prejudice upon Defendant, promotes judicial economy by avoiding piecemeal proceedings, and advances the strong federal policy favoring resolution of cases upon their merits rather than upon procedural technicalities. Accordingly, the interests of justice independently support the relief requested.

# IV. ALTERNATIVE MOTION FOR EXTENSION OF TIME PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)

To the extent the Court determines that Plaintiff's Proposed Surreply or Motion for Leave was filed after the expiration of any applicable deadline, Plaintiff respectfully moves, pursuant to Federal Rule of Civil Procedure 6(b)(1), for an enlargement of time to file the accompanying Proposed Surreply.

Good cause exists for granting the requested relief.

First, Plaintiff acted diligently and in good faith throughout the briefing process. Plaintiff prepared the Proposed Surreply promptly after reviewing Defendant Early Warning Services, LLC's operative Reply (ECF No. 62), which raised or materially expanded several procedural and substantive arguments that Plaintiff had not previously been afforded an opportunity to address. Plaintiff prepared the accompanying Motion for Leave contemporaneously with the

4

Proposed Surreply and has sought relief at the earliest practical opportunity after identifying the need for additional briefing.

Second, the requested enlargement is limited in scope and duration. Plaintiff seeks only sufficient time to permit the Court to consider a narrowly tailored Surreply directed solely to matters first raised or materially expanded in Defendant's Reply. Plaintiff does not seek to reopen briefing generally, delay the proceedings, or obtain any tactical advantage.

Third, Defendant will suffer no unfair prejudice from the requested enlargement. Defendant has already fully briefed its Motion to Dismiss, and the Proposed Surreply merely affords Plaintiff an opportunity to respond to new arguments concerning, among other matters, Plaintiff's Updated Opposition, Defendant's request for dismissal with prejudice, Defendant's characterization of Plaintiff's claims under 15 U.S.C. § 1681g, Defendant's arguments concerning discovery, and Defendant's assertions regarding amendment and futility. Consideration of those issues on a complete adversarial record promotes fairness and assists the Court in resolving Defendant's dispositive motion.

Fourth, granting the requested enlargement will not disrupt any scheduling order, discovery deadline, dispositive-motion deadline, hearing, or trial date. This action remains at the pleading stage, and consideration of the Proposed Surreply will not materially delay the progress of the litigation.

Finally, to the extent Rule 6(b)(1)(B) applies because the Court determines that the applicable period has expired, any delay resulted from excusable neglect. Plaintiff is proceeding **pro se,** acted in good faith, promptly prepared the present filing after reviewing the operative Reply, and sought relief without undue delay. Any delay was minimal, was not undertaken for purposes of delay, and resulted from Plaintiff's effort to address arguments first presented in Defendant's

Reply. Under these circumstances, the interests of justice favor permitting the filing so that

Defendant's Rule 12(b)(6) Motion may be decided upon a complete and balanced record rather

than upon one-sided briefing concerning issues first raised in reply.

Accordingly, Plaintiff respectfully requests that the Court grant leave to file the Proposed

Surreply and, to the extent necessary, enlarge the time for filing pursuant to Rule 6(b)(1) and

deem the Proposed Surreply timely filed.

## V.            <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff leave to file the attached Proposed Surreply;
2. Grant Plaintiff's Motion for Extension of Time, to the extent necessary, and deem the Proposed Surreply timely filed;
3. Consider the Proposed Surreply in ruling upon Defendant Early Warning Services, LLC's Motion to Dismiss; and
4. Grant such other and further relief as justice requires.

Respectfully submitted,

**Gary Hamilton**
Plaintiff, Pro Se

I HEREBY CERTIFY that on this **1st day of July, 2026**, I caused a true and correct copy of the foregoing **Plaintiff's Motion for Leave to File Proposed Surreply and Motion for Extension of Time**, together with the attached Proposed Order and Proposed Surreply, to be served original filing is being **hand-delivered to the Clerk of the United States District Court for the District of Maryland** for filing.

Respectfully submitted,

**Gary Hamilton**
Plaintiff, Pro Se

6