*Dilivery via USPS Priority mail # 9505 5105*
*7492 6198 5252*
*808*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

GARY HAMILTON,

       Plaintiff,

       v.

PNC BANK, NATIONAL ASSOCIATION, and
EARLY WARNING SERVICES, LLC,

       Defendants.

Civil Action No. 8:26-cv-0482-DLB

\_\_\_\_\_ FILED
\_\_\_\_\_ LOGGED    \_\_\_\_\_ ENTERED
       RECEIVED

JUL 21 2026

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RESPONSE AND DISCLOSURE PURSUANT TO THE COURT'S JULY 7, 2026 LETTER ORDER (ECF 64) AND LOCAL RULE 102.1(a)(2)

Plaintiff Gary Hamilton, appearing *pro se*, respectfully submits this Response and

Disclosure in compliance with the Court's Letter Order dated July 7, 2026 (ECF 64), which

directs Plaintiff to disclose, on or before July 21, 2026, "the paralegal's name, employer, and the

nature and extent of the paralegal's assistance in prosecuting this case," pursuant to Local Rule

102.1(a)(2). Plaintiff provides the disclosure below in good faith and to the full extent of his

personal knowledge, and respectfully addresses the limited scope of the information he actually

possesses.

## I. INTRODUCTION AND SUMMARY

Plaintiff does not resist the Court's inquiry; he answers it directly. As set forth below and

verified in the accompanying Declaration: (1) the individual who assisted Plaintiff is Ms. Brenda

Reeds; (2) Ms. Reeds is an uncompensated volunteer who, to Plaintiff's knowledge, has no

employer in connection with this matter; and (3) her assistance was confined to clerical and

organizational tasks—assembling, sorting, labeling, and physically organizing papers—and did not include legal research, legal analysis, the drafting of legal argument, or the exercise of legal judgment. Plaintiff personally researched, analyzed, wrote, reviewed, and signed every document filed in this action, and personally bears full responsibility for each filing under Federal Rule of Civil Procedure 11.

Plaintiff provides the balance of the requested information to the extent it exists and is known to him. Where the Order requests information Plaintiff does not possess—most particularly an "employer" for a person Plaintiff understands to be an uncompensated volunteer—Plaintiff respectfully explains why that information is unavailable despite his good-faith diligence, and submits that Local Rule 102.1(a)(2) does not require a self-represented party to disclose information that does not exist or that he neither has nor can reasonably obtain.

## II. DISCLOSURE PURSUANT TO LOCAL RULE 102.1(a)(2)

In direct response to the three categories identified in the Letter Order, Plaintiff discloses the following:

**A. Name / Identity.** The individual who provided assistance is Brenda Reeds. Plaintiff first encountered Ms. Reeds after Plaintiff posted handwritten notices requesting a volunteer legal assistant on public utility poles—two in Brandywine, Maryland, and one in Waldorf, Maryland. Ms. Reeds came to Plaintiff's residence, stated that she was responding to the posted notice, and thereafter offered assistance.

**B. Employer.** Plaintiff has no knowledge of any employer for Ms. Reeds in connection with this matter and does not believe one exists. Ms. Reeds volunteered her time. She was not hired, retained, engaged, or paid by Plaintiff. Plaintiff provided her only small, occasional sums of cash to defray the cost of gasoline. Plaintiff did not enter into any agreement—written, oral,

contractual, or otherwise—with Ms. Reeds or with any firm, agency, or organization concerning her assistance. Because Plaintiff understands Ms. Reeds to be an uncompensated volunteer acting on her own behalf, Plaintiff is unable to identify an "employer," and respectfully submits that none exists to disclose.

C. **Nature and Extent of Assistance.** Ms. Reeds assisted on an intermittent basis—generally every other weekday, and not on weekends—for a limited period. Her assistance was administrative and organizational in character. It consisted of tasks such as organizing and sorting documents, assembling papers and exhibits in order, labeling, and similar clerical work. Ms. Reeds did not conduct legal research, did not select or analyze legal authorities, did not draft or compose legal argument, did not make strategic or substantive legal decisions, and did not exercise legal judgment concerning the claims, defenses, or filings in this case. All legal research, legal analysis, writing, revision, and decision-making were performed personally by Plaintiff.

### III. PLAINTIFF PERSONALLY AUTHORED AND SIGNED EVERY FILING; NO ATTORNEY PREPARED OR ASSISTED IN PREPARING ANY DOCUMENT

To resolve the concern that Local Rule 102.1(a)(2) exists to address, Plaintiff affirmatively represents—and verifies under the accompanying Declaration—that no attorney, and no member of the Bar of any State or of this Court, prepared or assisted in preparing any document filed by Plaintiff in this action. Plaintiff has researched, written, and signed pro se throughout. Every filing bears Plaintiff's own signature, and Plaintiff has at all times accepted personal responsibility for the content of his filings under Rule 11. The only assistance Plaintiff received from any person was the clerical and organizational help described above.

## IV. THE PURPOSE OF LOCAL RULE 102.1(a)(2) IS FULLY SATISFIED

Local Rule 102.1(a)(2) provides that, "[u]pon inquiry, all parties appearing without counsel must disclose the identity of any individual who has prepared, or assisted in preparing, any documents filed in this Court." The provision sits within Local Rule 102.1, which governs the appearance and signature of counsel and requires that any attorney who prepares a document for a self-represented litigant be a member of the Bar of this Court, sign the document, and thereby submit to the Court's disciplinary jurisdiction. Read in context, the Rule's disclosure requirement is directed at securing transparency about whether a licensed attorney stands behind a nominally self-represented filing—so that the attorney is identified, signs, and remains answerable under Rule 11 and to the Court's authority over the members of its Bar.

Courts that have required this kind of disclosure have explained the concern in precisely those terms. *See Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1077 (E.D. Va. 1997) (concern is that *lawyers* who draft for nominally self-represented litigants avoid the signature and accountability requirements of Rule 11 and the rules governing attorney appearance); *Duran v. Carris*, 238 F.3d 1268, 1272–73 (10th Cir. 2001) (undisclosed "substantial legal assistance" by an *attorney* can produce an unwarranted degree of leniency and unfairness to opposing parties); *Ellis v. State of Maine*, 448 F.2d 1325, 1326 (1st Cir. 1971) (concern is that "actual members of the bar" prepare filings they do not sign). The unifying premise of these authorities is undisclosed participation by a licensed attorney.

That premise is absent here. No attorney assisted Plaintiff. The only assistance Plaintiff received was clerical and organizational help from a non-attorney volunteer, and Plaintiff personally authored and signed every filing. The transparency the Rule is designed to secure has therefore been provided in full: the Court now knows who assisted Plaintiff (Ms. Reeds), the

capacity in which she did so (uncompensated volunteer), the nature of her help (clerical and organizational), and—most importantly for the Rule's purpose—that no member of any Bar prepared or assisted in preparing Plaintiff's filings.

## V.  A NON-ATTORNEY VOLUNTEER CANNOT BE HELD TO THE DISCLOSURE STANDARDS APPLICABLE TO REGULATED ATTORNEYS

Members of the Bar of this Court are subject to a comprehensive regulatory regime—the Maryland Attorneys' Rules of Professional Conduct, the Court's admission and disciplinary rules, and the signature and candor obligations of Rule 11. That regime is the very reason attorney assistance must be disclosed and signed: it enables the Court to hold the attorney accountable. A non-attorney volunteer who performs clerical work is not a member of that regulated class and is not subject to those obligations. Nor could she be: a non-lawyer may not practice law or represent another person, 28 U.S.C. § 1654; *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("[t]he right to litigate for oneself . . . does not create a coordinate right to litigate for others"). But neither did Ms. Reeds attempt to. Performing clerical and organizational tasks at the direction of a self-represented litigant is not the practice of law. *Cf. Fla. Bar v. Brumbaugh*, 355 So. 2d 1186, 1194 (Fla. 1978) (clerical and secretarial assistance, as distinguished from giving legal advice or exercising legal judgment, does not constitute the practice of law).

It follows that the attorney-oriented disclosures the Letter Order contemplates—an "employer" and, by implication, professional credentials—have no application to a volunteer who has no employer and who acted in no professional capacity. To require a self-represented litigant to produce an "employer" for a person who has none, or to certify professional credentials Plaintiff never obtained and cannot verify, would extend the Rule beyond any

5

purpose it was designed to serve and would hold a non-regulated volunteer to a standard reserved for regulated attorneys. Plaintiff respectfully submits that the Rule's requirement is satisfied by disclosing the volunteer's identity and the clerical nature of her assistance, together with Plaintiff's sworn representation that no attorney was involved.

## VI. PLAINTIFF CANNOT DISCLOSE INFORMATION HE DOES NOT POSSESS AND CANNOT REASONABLY OBTAIN

To the extent the Letter Order seeks information beyond what is set out above—an employer, an employment history, or professional credentials—Plaintiff does not possess that information and cannot supply it. When Ms. Reeds responded to Plaintiff's posted notice, Plaintiff was consumed by the demands of opposing EWS's motion to dismiss, which he was researching and writing entirely on his own. Plaintiff did not ask for, and Ms. Reeds did not volunteer, her home address, her employment history, or documentation of any credentials. Plaintiff did not confirm whether Ms. Reeds has paralegal training or experience; any characterization of her as a "paralegal" is therefore Plaintiff's informal description rather than a verified professional designation, and Plaintiff cannot represent her qualifications in either direction without speculating.

A party's disclosure obligation extends to what the party has and can reasonably obtain—not to information that does not exist or lies beyond the party's knowledge and reach. The principle that a party cannot be compelled to produce what it genuinely cannot produce is well settled. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) (present inability to comply is a recognized defense; a party may not be punished for failing to produce what it is genuinely unable to produce); *United States v. Darwin Constr. Co.*, 680 F. Supp. 739 (D. Md. 1988) (compliance is measured by whether the party took all reasonable steps within its power); *cf.*

Fed. R. Civ. P. 34(a)(1) (a party's production obligation reaches only items within its "possession, custody, or control"). Plaintiff has taken the reasonable step available to him—setting out truthfully everything he knows about Ms. Reeds and her assistance. He cannot manufacture an employer or credentials that do not exist or that he never obtained.

### VII  This Response is reasonable and sufficient Regarding Court Letter Order

Plaintiff's approach to this litigation confirms :

**Purpose.**  The purpose of Local Rule 102.1(a)(2) is to ensure the Court is not misled about undisclosed attorney involvement in a self-represented filing. That purpose is met: no attorney was involved, and Plaintiff has said so under oath.

**Question at Issue.**  The operative question is not whether Plaintiff can produce an employer and credentials for a volunteer, but whether the Court has the transparency the Rule requires. It does.

**Accuracy.**  Plaintiff discloses only what he knows to be true and declines to speculate about matters he never verified, such as Ms. Reeds's training or employment history.

**Relevance.**  An employer and professional credentials are relevant when the assistant is a licensed professional whose accountability is at stake; they are not relevant to a volunteer performing purely clerical tasks who signs nothing and is responsible for nothing.[1]

---

[1] Relevance is measured against the purpose of the inquiry. *See* Fed. R. Evid. 401 (information is relevant only if it has a tendency to make a fact "of consequence" more or less probable). The fact of consequence under Local Rule 102.1 is whether an undisclosed member of the Bar prepared the filing, because only a licensed attorney is subject to the signature, Rule 11, and disciplinary obligations the Rule exists to enforce. *See Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1077 (E.D. Va. 1997); *Duran v. Carris*, 238 F.3d 1268, 1272–73 (10th Cir. 2001) (rule reaches "substantial legal assistance" by an attorney). An uncompensated volunteer's employer and professional credentials have no tendency to make that fact more or less probable, and are therefore immaterial to the Rule's purpose. *Cf. Fla. Bar v. Brumbaugh*, 355 So. 2d 1186, 1194 (Fla. 1978) (clerical and secretarial assistance, unlike the exercise of legal judgment, is not the practice of law).

**Logic.** Requiring proof of an employer that does not exist, or credentials never obtained, does not follow from a Rule whose object is the accountability of attorneys.

**Fairness.** It would be unfair to place a self-represented litigant at risk for failing to produce information that does not exist and that he had neither reason nor means to collect.

## VIII.  PLAINTIFF'S SOLE PREPARATION OF THE OPPOSITION IN THIS CASE

Plaintiff respectfully offers the following context. Since the inception of this action, Plaintiff has been the sole person researching, analyzing, and preparing his oppositions and related filings, including the extensive briefing directed at EWS's motion to dismiss. For a self-represented litigant, that undertaking has been substantial and time-consuming. Plaintiff's concentrated focus on completing that briefing is the reason he did not gather, and does not have, background information about Ms. Reeds beyond what is disclosed here. Plaintiff offers this not as an excuse but to explain, candidly and consistent with his duty of candor, the genuine limits of his knowledge.

## IX.                        CONCLUSION

For the foregoing reasons, Notwithstanding Section VII, Relevance cited above, Plaintiff respectfully submits that he has complied with the Court's July 7, 2026 Letter Order and Local Rule 102.1(a)(2) by disclosing the identity of the individual who assisted him (Brenda Reeds), the volunteer capacity in which she did so, the clerical and organizational nature and extent of her assistance, and the fact that no attorney prepared or assisted in preparing any filing. To the extent the Order seeks an employer or professional credentials, Plaintiff respectfully states that no such employer exists and that he does not possess and cannot reasonably obtain the additional information. Plaintiff requests that the Court deem the disclosure obligation under Local Rule

8

102.1(a)(2) satisfied, and Plaintiff stands ready to answer any further inquiry the Court may

have.

Respectfully submitted,

_____

Gary Hamilton
Plaintiff, Pro Se