FILED
LOGGED ENTERED
RECEIVED

JUL 3 0 2026

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY

DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division — Greenbelt)

| | |
|---|---|
| **GARY HAMILTON,** <br> Plaintiff, <br><br> v. <br><br> **PNC BANK, NATIONAL ASSOCIATION, and EARLY WARNING SERVICES, LLC,** <br> Defendants. | Civil Action No. <br> **8:26-cv-00482-DLB** <br><br> Hon. Deborah L. Boardman |

---

## PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL
## AND INCORPORATED MEMORANDUM OF LAW
### Regarding the Court's June 1, 2026 Order (ECF 55) Denying Appointment of Counsel Without Prejudice

Plaintiff Gary Hamilton, appearing pro se, respectfully renews his motion for the appointment of counsel under 28 U.S.C. § 1915(e)(1). The Court denied Plaintiff's prior motions **without prejudice** by Order dated June 1, 2026 (ECF 55). Because that Order is interlocutory, the Court may revise it "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Plaintiff renews now to place before the Court the specific facts it previously found absent and to reflect the case's changed posture. In support, Plaintiff states as follows.

## SUMMARY OF ARGUMENT

The Court denied appointment for two stated reasons: because Plaintiff had received assistance with his filings, it "cannot determine his literacy or his ability to present his claims"; and because the case was at an "early stage," it could not yet determine whether discovery or a hearing would be necessary. ECF 55, at 5. Both reasons have been overtaken by the record. The non-lawyer assistance has ended and Plaintiff now proceeds entirely alone, so his sworn Declaration supplies

the evidence of capacity the Court found missing; and the case has advanced into fully briefed dispositive-motion practice under a technical Fair Credit Reporting Act scheme whose decisive facts lie within Defendants' exclusive control. Under the factors the Fourth Circuit applied in *Jenkins v. Woodard*, 109 F.4th 242 (4th Cir. 2024) — where the court reversed a denial of counsel and directed appointment — Plaintiff has a colorable claim but lacks the capacity to present it. This is the exceptional case in which § 1915(e)(1) counsel is warranted.

## I.  BACKGROUND AND THE COURT'S PRIOR RULING

By Order dated June 1, 2026 (ECF 55), the Court denied Plaintiff's motions for appointment of counsel (ECF 8, 44, 47) *without prejudice*. The Court reasoned that, because Plaintiff "has had assistance thus far with his filings, the Court cannot determine his literacy or his ability to present his claims," and that "at this early stage of the case, the Court cannot determine whether discovery or a hearing will be necessary." ECF 55, at 5. The Court added that Plaintiff may request extensions of time and that it must liberally construe pro se filings. *Id.* Each observation is addressed below.

## II.  LEGAL STANDARD

A district court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Counsel is warranted in "exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Whether such circumstances exist turns on "the type and complexity of the case," whether the plaintiff has "a colorable claim," and the plaintiff's "ability to prosecute the claim." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Appointment is required where a plaintiff "has a colorable claim but lacks the capacity to present it." *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

## III.  THE FACTORS APPLIED IN JENKINS v. WOODARD ARE SATISFIED HERE

The controlling analogous authority is *Jenkins v. Woodard*, 109 F.4th 242 (4th Cir. 2024), in which the Fourth Circuit reversed a district court's denial of appointment of counsel to a self-represented litigant and directed that counsel be appointed on remand. *Jenkins* applied the exceptional-circumstances standard through three factors drawn from *Cook* and *Whisenant*: (1) whether the plaintiff has a colorable claim; (2) the type and complexity of the case; and (3) the plaintiff's ability, or capacity, to present the claim. Each factor, and the facts of this case supporting it, is set out below.

### Factor One — Whether the plaintiff has a colorable claim.

**The factor.** A plaintiff seeking appointed counsel must have a colorable claim — one of arguable merit that is not frivolous. *Jenkins*, 109 F.4th at 248; *Berry*, 587 F. Supp. 2d at 723.

**Facts of this case supporting the factor.** Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and include failure to disclose the contents of his consumer file (§ 1681g), failure to conduct a reasonable reinvestigation (§ 1681i), failure to follow reasonable procedures to assure maximum possible accuracy (§ 1681e(b)), and a furnisher's failure to reinvestigate (§ 1681s-2(b)). These claims cleared initial screening and are being litigated on the merits through fully briefed dispositive motions. Plaintiff's opposition, supplemental opposition, and surreply (ECF 43, 52, 66) set out non-frivolous, plausibly pleaded theories that Defendants withheld information Congress required them to disclose and failed to reinvestigate. Plaintiff need not prove his case to obtain counsel; a claim of arguable merit suffices, and the operative complaint states one.

### Factor Two — The type and complexity of the case.

**The factor.** The court weighs the type and complexity of the case; the more demanding the legal and factual issues, the greater the need for counsel. *Whisenant*, 739 F.2d at 163; see *Jenkins*, 109 F.4th at 248 (weighing complexity together with the litigant's abilities).

**Facts of this case supporting the factor.** This is a technically complex federal action. It turns on the FCRA's specialized statutory duties (§§ 1681g, 1681i, 1681e(b), 1681s-2(b)) and on distinctions such as negligent versus willful noncompliance. Two Defendants — PNC Bank, National Association and Early Warning Services, LLC — are represented by experienced institutional counsel and have filed fully briefed motions to dismiss (ECF 25, 49). The decisive facts — the contents of Plaintiff's consumer file, EWS's internal disclosure and reinvestigation procedures, and its communications with the furnisher — "reside almost entirely within [Defendants'] control" and are the sort of fact-intensive matters ordinarily reserved for discovery. ECF 66, at 4. If any claim survives dismissal, the case will require formal discovery, analysis of records held solely by Defendants, and the examination of witnesses — tasks *Jenkins* identified as beyond the practical reach of a pro se litigant. 109 F.4th at 248.

## Factor Three — The plaintiff's ability, or capacity, to present the claim.

**The factor.** The court considers the plaintiff's ability to present and prosecute the claim; appointment is warranted where a litigant "has a colorable claim but lacks the capacity to present it." *Berry*, 587 F. Supp. 2d at 723. In *Jenkins*, the Fourth Circuit weighed the litigant's education and legal knowledge, his health, and his practical ability to develop evidence and examine witnesses. 109 F.4th at 248.

**Facts of this case supporting the factor.** The accompanying Declaration of Gary Hamilton establishes the following. Plaintiff's education is a Bachelor of Science in Industrial Hygiene from the University of North Alabama; he has no legal training and has never studied law or

worked in the legal field. Decl. ¶¶ 2–3. Plaintiff suffers from serious health conditions that limit his ability to litigate, including gastrointestinal insufficiency, Stage 3B kidney failure, episodes of forgetfulness, and high blood pressure. Decl. ¶ 5. Plaintiff is indigent and proceeds in forma pauperis. Decl. ¶ 4. He has diligently sought counsel, contacting approximately 41 attorneys and organizations — including Civil Justice, Inc., the Public Justice Project, and Maryland Legal Aid — none of which would take an FCRA matter of this kind. Decl. ¶ 6. The limited non-lawyer assistance Plaintiff previously received has ended, and he now proceeds entirely alone as the case enters its most demanding phase. Decl. ¶¶ 7–8. Because Plaintiff cannot conduct formal discovery, obtain and analyze records held solely by Defendants, or examine witnesses, he lacks the capacity to present his colorable claims — the precise circumstance in which *Jenkins* directs that counsel be appointed.

## IV. THE PRIOR GROUNDS FOR DENIAL DO NOT WITHSTAND SCRUTINY

Anticipating the grounds on which appointment might again be resisted, Plaintiff addresses each directly.

### 1. *Prior limited assistance is evidence of need, not of independent capacity.*

That Plaintiff once obtained limited, now-concluded help does not establish that he can litigate alone; the inference runs the other way. Because that assistance has ended, whatever ambiguity it created has resolved: Plaintiff stands before the Court entirely unaided.

### 2. *The availability of extensions of time does not cure the disadvantages that counsel would remedy.*

Additional time addresses delay; it does not supply legal training, the ability to frame and oppose Rule 12 arguments, the tools to conduct formal discovery, or the capacity to examine witnesses. More time to do that which he lacks the capacity to do is not a substitute for counsel.

### 3. *Liberal construction of pro se pleadings does not substitute for counsel at the dispositive-motion and discovery stages.*

Liberal construction governs how the Court reads Plaintiff's filings; it does not enable him to obtain records within Defendants' exclusive control, to develop an evidentiary record, or to examine witnesses. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). *Jenkins* recognized that it is these litigation tasks — not the reading of pleadings — that make counsel necessary in the exceptional case. 109 F.4th at 248.

## V. CONCLUSION AND RELIEF REQUESTED

Because all three *Jenkins* factors are satisfied — a colorable claim, a complex case, and a plaintiff who lacks the capacity to present it — this is the exceptional case warranting appointment. WHEREFORE, Plaintiff respectfully requests that the Court:

1. Appoint counsel to represent Plaintiff under 28 U.S.C. § 1915(e)(1);

2. In the alternative, appoint limited-purpose counsel for dispositive-motion, discovery proceedings, and any other litigation tasks.

3. In the further alternative, defer final ruling and appoint counsel upon any claim surviving the motions to dismiss; and

4. Grant such other and further relief as justice requires.

Respectfully submitted,

Gary Hamilton, Plaintiff Pro Se