FILED _____ ___ ENTERED
_____ LOGGED _____ RECEIVED



**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Southern Division — Greenbelt)

AUG 05 2026

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

|  |  |
|---|---|
| **GARY HAMILTON,** | Civil Action No. |
| Plaintiff, | **8:26-cv-00482-DLB** |
| v. | Hon. Deborah L. Boardman |
| **PNC BANK, NATIONAL ASSOCIATION,** and **EARLY WARNING SERVICES, LLC,** |  |
| Defendants. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE
ORDER DENYING APPOINTMENT OF COUNSEL (ECF 55), OR IN THE
ALTERNATIVE RENEWED MOTION FOR APPOINTMENT OF
COUNSEL
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Gary Hamilton, appearing pro se, respectfully moves under Federal Rule of Civil Procedure 54(b) for reconsideration of the Court's Order dated June 1, 2026 (ECF 55) denying his motions for the appointment of counsel without prejudice, and, in the alternative, renews his motion for the appointment of counsel under 28 U.S.C. § 1915(e)(1). Because the June 1 Order is interlocutory, the Court "may [revise] it at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). The two reasons the Court gave for the denial have since been overtaken by the developed record: the limited non-lawyer assistance has ended, so Plaintiff's sworn Declaration now supplies the evidence of capacity the Court found absent; and the case has advanced from an "early stage" into fully briefed dispositive-motion practice under a technical Fair Credit Reporting Act scheme whose decisive facts lie within Defendants' exclusive control. In support, Plaintiff states as follows.

## SUMMARY OF ARGUMENT

The Court denied appointment for two stated reasons: because Plaintiff had received assistance with his filings, it "cannot determine his literacy or his ability to present his claims"; and because the case was at an "early stage," it could not yet determine whether discovery or a hearing would be necessary. ECF 55, at 5. Both reasons have been overtaken by the record. The non-lawyer assistance has ended and Plaintiff now proceeds entirely alone, so his sworn Declaration supplies the evidence of capacity the Court found missing; and the case has advanced into fully briefed dispositive-motion practice under a technical Fair Credit Reporting Act scheme whose decisive facts lie within Defendants' exclusive control. Under the factors the Fourth Circuit applied in *Jenkins v. Woodard*, 109 F.4th 242 (4th Cir. 2024) — where the court reversed a denial of counsel and directed appointment — Plaintiff has a colorable claim but lacks the capacity to present it. This is the exceptional case in which § 1915(e)(1) counsel is warranted.

## I. BACKGROUND AND THE COURT'S PRIOR RULING

By Order dated June 1, 2026 (ECF 55), the Court denied Plaintiff's motions for appointment of counsel (ECF 8, 44, 47) *without prejudice*. The Court reasoned that, because Plaintiff "has had assistance thus far with his filings, the Court cannot determine his literacy or his ability to present his claims," and that "at this early stage of the case, the Court cannot determine whether discovery or a hearing will be necessary." ECF 55, at 5. The Court added that Plaintiff may request extensions of time and that it must liberally construe pro se filings. *Id.* Each observation is addressed below.

After the June 1 Order, the Court directed Plaintiff, by Letter Order dated July 7, 2026 (ECF 64), to disclose the identity, any employer, and the nature and extent of the assistance he had received, and Plaintiff filed a sworn Response and Disclosure in compliance. That disclosure resolves the ambiguity on which the denial rested. The only assistance Plaintiff ever received was clerical and organizational help — sorting, assembling, and labeling papers — from Ms. Brenda Reeds, an uncompensated non-attorney volunteer who responded to a handwritten notice Plaintiff had posted seeking help organizing his papers. Ms. Reeds performed no legal research, analysis, drafting, or judgment; no attorney, and no member of the Bar of any State or of this Court, prepared or assisted in preparing any filing; and Plaintiff personally researched, wrote, reviewed, and signed every document filed in this action, accepting full responsibility under Federal Rule of Civil Procedure 11. Plaintiff's filings are thus his own unaided work. As Plaintiff's accompanying Declaration further confirms, as soon as Ms. Reeds learned of the Court's concern about her assistance, she immediately stopped providing all clerical help, and Plaintiff has proceeded entirely alone since then.

## II.  RECONSIDERATION IS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)

The June 1, 2026 Order (ECF 55) denied appointment without prejudice and did not adjudicate any claim; it is therefore an interlocutory order that the Court "may [revise] at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). A district court "retains the power to reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). The Fourth Circuit recognizes revision of an interlocutory order where there is "(1) a subsequent trial produc[ing] substantially different evidence; (2) a

change in applicable law; or (3) clear error causing manifest injustice," and affords "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light" than the stricter standards governing final judgments under Rules 59(e) and 60(b). Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017). Reconsideration is warranted here on the first and third grounds. First, the record now contains substantially different evidence than when the Court ruled. The Court denied appointment because Plaintiff's prior non-lawyer assistance left it unable to "determine his literacy or his ability to present his claims," and because the case was at an "early stage." ECF 55, at 5. That assistance has since ended; Plaintiff proceeds entirely alone; and his sworn Declaration now supplies the specific evidence of capacity the Court found absent. The case has likewise advanced from its "early stage" into fully briefed dispositive-motion practice under a technical Fair Credit Reporting Act scheme whose decisive facts lie within Defendants' exclusive control. Both stated predicates for the denial have thus been overtaken by the developed record — the precise circumstance in which Rule 54(b) permits revision. Second, to leave the denial in place now, when neither reason for it still holds and Plaintiff must face institutional counsel alone at the case's most demanding phase, would work the manifest injustice that reconsideration exists to prevent. The renewed showing below, measured against the factors the Fourth Circuit applied in Jenkins v. Woodard, 109 F.4th 242 (4th Cir. 2024), confirms that appointment is now warranted. In particular, Plaintiff's sworn Response and Disclosure filed pursuant to the Court's July 7, 2026 Letter Order (ECF 64) establishes that the only assistance he ever received was clerical work by an uncompensated non-attorney volunteer and that he personally authored and signed every filing — new, sworn evidence that directly resolves the very ambiguity underlying the denial.

## III. LEGAL STANDARD

At the threshold, and with respect for the Court's discretion, Plaintiff emphasizes what the governing standard requires once its test is met. Although 28 U.S.C. § 1915(e)(1) provides that a court "may request" counsel, the Fourth Circuit has held that this discretion narrows to a duty in the exceptional case: a district court "abuse[s] [its] discretion by declining to [appoint counsel] where the case of an indigent person presents exceptional circumstances," and in such circumstances the district court is *required* to appoint counsel. *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024); *see also Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (where a pro se litigant "has a colorable claim but lacks the capacity to present it, the district court should appoint counsel*"). The operative word is therefore not the statute's permissive "may," but the controlling instruction that, once the exceptional-circumstances test is satisfied, appointment is required — a duty, not an option. Plaintiff respectfully submits that the test is satisfied here, and addresses the standard and its factors in detail below.*

A district court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Counsel is warranted in "exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Whether such circumstances exist turns on "the type and complexity of the case," whether the plaintiff has "a colorable claim," and the plaintiff's "ability to prosecute the claim." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Appointment is required

where a plaintiff "has a colorable claim but lacks the capacity to present it." *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

## IV. THE FACTORS APPLIED IN JENKINS v. WOODARD ARE SATISFIED HERE

The controlling analogous authority is *Jenkins v. Woodard*, 109 F.4th 242 (4th Cir. 2024), in which the Fourth Circuit reversed a district court's denial of appointment of counsel to a self-represented litigant and directed that counsel be appointed on remand. *Jenkins* applied the exceptional-circumstances standard through three factors drawn from *Cook* and *Whisenant*: (1) whether the plaintiff has a colorable claim; (2) the type and complexity of the case; and (3) the plaintiff's ability, or capacity, to present the claim. Each factor, and the facts of this case supporting it, is set out below.

### Factor One — Whether the plaintiff has a colorable claim.

**The factor.** A plaintiff seeking appointed counsel must have a colorable claim — one of arguable merit that is not frivolous. *Jenkins*, 109 F.4th at 248; *Berry*, 587 F. Supp. 2d at 723.

**Facts of this case supporting the factor.** Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and include failure to disclose the contents of his consumer file (§ 1681g), failure to conduct a reasonable reinvestigation (§ 1681i), failure to follow reasonable procedures to assure maximum possible accuracy (§ 1681e(b)), and a furnisher's failure to reinvestigate (§ 1681s-2(b)). These claims cleared initial screening and are being litigated on the merits through fully briefed dispositive motions. Plaintiff's opposition, supplemental opposition, and surreply (ECF 43, 52, 66) set out non-frivolous, plausibly pleaded theories that Defendants withheld information Congress required them to disclose and failed to reinvestigate. Plaintiff

need not prove his case to obtain counsel; a claim of arguable merit suffices, and the operative complaint states one.

## Factor Two — The type and complexity of the case.

**The factor.** The court weighs the type and complexity of the case; the more demanding the legal and factual issues, the greater the need for counsel. *Whisenant*, 739 F.2d at 163; see *Jenkins*, 109 F.4th at 248 (weighing complexity together with the litigant's abilities).

**Facts of this case supporting the factor.** This is a technically complex federal action. It turns on the FCRA's specialized statutory duties (§§ 1681g, 1681i, 1681e(b), 1681s-2(b)) and on distinctions such as negligent versus willful noncompliance. Two Defendants — PNC Bank, National Association and Early Warning Services, LLC — are represented by experienced institutional counsel and have filed fully briefed motions to dismiss (ECF 25, 49). The decisive facts — the contents of Plaintiff's consumer file, EWS's internal disclosure and reinvestigation procedures, and its communications with the furnisher — "reside almost entirely within [Defendants'] control" and are the sort of fact-intensive matters ordinarily reserved for discovery. ECF 66, at 4. If any claim survives dismissal, the case will require formal discovery, analysis of records held solely by Defendants, and the examination of witnesses — tasks *Jenkins* identified as beyond the practical reach of a pro se litigant. 109 F.4th at 248. The Court's June 1 Order confirms this posture: PNC's motion to dismiss (ECF 25) "remains pending," and briefing on Early Warning's motion to dismiss (ECF 49) closed after Plaintiff's court-ordered response of June 22, 2026. ECF 55, at 6.

**Factor Three — The plaintiff's ability, or capacity, to present the claim.**

**The factor.** The court considers the plaintiff's ability to present and prosecute the claim; appointment is warranted where a litigant "has a colorable claim but lacks the capacity to present it." *Berry*, 587 F. Supp. 2d at 723. In *Jenkins*, the Fourth Circuit weighed the litigant's education and legal knowledge, his health, and his practical ability to develop evidence and examine witnesses. 109 F.4th at 248.

**Facts of this case supporting the factor.** The accompanying Declaration of Gary Hamilton establishes the following. Plaintiff's education is a Bachelor of Science in Industrial Hygiene from the University of North Alabama; he has no legal training and has never studied law or worked in the legal field. Decl. ¶¶ 2–3. Plaintiff suffers from serious health conditions that limit his ability to litigate, including gastrointestinal insufficiency, Stage 3B kidney failure, episodes of forgetfulness, and high blood pressure. Decl. ¶ 5. Plaintiff is indigent and proceeds in forma pauperis. Decl. ¶ 4. He has diligently sought counsel, contacting approximately 41 attorneys and organizations — including Civil Justice, Inc., the Public Justice Project, and Maryland Legal Aid — none of which would take an FCRA matter of this kind. Decl. ¶ 6. The limited non-lawyer assistance Plaintiff previously received has ended, and he now proceeds entirely alone as the case enters its most demanding phase. Decl. ¶¶ 7–8. Because Plaintiff cannot conduct formal discovery, obtain and analyze records held solely by Defendants, or examine witnesses, he lacks the capacity to present his colorable claims — the precise circumstance in which *Jenkins* directs that counsel be appointed.

## V. THE PRIOR GROUNDS FOR DENIAL DO NOT WITHSTAND SCRUTINY

Anticipating the grounds on which appointment might again be resisted, Plaintiff addresses each directly.

### *1. Prior limited assistance is evidence of need, not of independent capacity.*

The Court inferred from Plaintiff's prior "assistance" that it could not gauge his literacy or his ability to present his claims. Plaintiff's sworn, court-ordered disclosure dissolves that inference. The only help Plaintiff received was clerical and organizational work by an uncompensated non-attorney volunteer, Ms. Brenda Reeds; no attorney or legal professional prepared or assisted in preparing any filing; and Plaintiff personally researched, wrote, reviewed, and signed every document himself. His filings are therefore his own unaided work — direct evidence of the very capacity the Court said it could not assess — and the clarified record shows a diligent but untrained litigant who now proceeds without even the clerical help he once had. The prior-assistance ground for denial no longer supports it.

### *2. The availability of extensions of time does not cure the disadvantages that counsel would remedy.*

Additional time addresses delay; it does not supply legal training, the ability to frame and oppose Rule 12 arguments, the tools to conduct formal discovery, or the capacity to examine witnesses. More time to do that which he lacks the capacity to do is not a substitute for counsel.

### *3. Liberal construction of pro se pleadings does not substitute for counsel at the dispositive-motion and discovery stages.*

Liberal construction governs how the Court reads Plaintiff's filings; it does not enable him to obtain records within Defendants' exclusive control, to develop an evidentiary record, or to examine witnesses. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). *Jenkins* recognized that it is these litigation tasks — not the reading of pleadings — that make counsel necessary in the exceptional case. 109 F.4th at 248.

## VI.  CONCLUSION AND RELIEF REQUESTED

Because all three *Jenkins* factors are satisfied — a colorable claim, a complex case, and a

plaintiff who lacks the capacity to present it — this is the exceptional case warranting

appointment. WHEREFORE, Plaintiff respectfully requests that the Court:

1.  Appoint counsel to represent Plaintiff under 28 U.S.C. § 1915(e)(1);

2.  In the further alternative, defer final ruling and appoint counsel upon any claim surviving

    the motions to dismiss; and

3.  Grant such other and further relief as justice requires.

Respectfully submitted,

_____
Gary Hamilton, Plaintiff Pro Se


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2026, a true and correct copy of the foregoing *Plaintiff's Motion for Reconsideration of the Order Denying Appointment of Counsel (ECF 55), or in the Alternative Renewed Motion for Appointment of Counsel, and Incorporated Memorandum of Law*, including the Declaration of Gary Hamilton, was served on counsel of record by first-class U.S. mail, postage   addressed as follows:

Counsel for Defendant PNC Bank, National Association
Ballard Spahr LLP
909 K Street, NW, 12th Floor
Washington, DC 20006

Elizabeth M. Briones (MD Bar 30844)
Troutman Pepper Locke LLP
401 9th St., N.W., Suite 1000
Washington, DC 20004-2134
Tel: 202-274-2950
Email: elizabeth.briones@troutman.com
*Counsel for Defendant Early Warning Services, LLC*

_____
Gary Hamilton, Plaintiff Pro Se