IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division — Greenbelt)

ENTERED
RECEIVED
AUG 05 2026
AT GR.
CLERK, U.S. Dis      JRT
DISTRICT OF MARYLAND
BY                    DEPUTY

GARY HAMILTON,

    Plaintiff,

    v.

PNC BANK, NATIONAL ASSOCIATION, and
EARLY WARNING SERVICES, LLC,

    Defendants.

Civil Action
No. 8:26-cv-
00482-DLB

Hon.
Deborah L.
Boardman

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE FOR RECONSIDERATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b), REGARDING CONSIDERATION OF PLAINTIFF'S ACCEPTED SURREPLY (ECF 66), AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Gary Hamilton, appearing *pro se*, respectfully moves under Federal Rule of Civil Procedure 54(b) and the Court's inherent authority over its interlocutory orders for clarification—or, in the alternative, reconsideration—of the Court's Order dated July 22, 2026, solely to confirm that Plaintiff's accepted Surreply (ECF 66) will be considered in its entirety under the standard that governs the construction of *pro se* filings. Plaintiff seeks no additional briefing and requests no leave to expand the record, consistent with the Court's direction that no further briefing on the pending motions to dismiss is necessary at this time. In support, Plaintiff states as follows.

## I. INTRODUCTION AND RELIEF REQUESTED

By its July 22, 2026 Order, the Court granted Plaintiff's motion for leave (ECF 63) and accepted Plaintiff's revised proposed surreply (ECF 66) "as the surreply." The Court

1

simultaneously found the related motion (ECF 65) moot insofar as it sought to file an opposition, granted it in part as to the surreply, and denied it in part as to the opposition, adding that no additional briefing on the motions to dismiss (ECF 25, 49) is necessary at this time. Plaintiff is grateful for, and does not disturb, the acceptance of his surreply.

Plaintiff files this narrow motion only to remove a potential ambiguity and to preserve the point for any later review: to confirm that, because the Surreply was accepted *as the surreply*, the Court will consider the document according to its substance under the settled rule that a *pro se* filing is construed liberally and by what it actually argues rather than by its form or label. Plaintiff does not ask to file anything further, does not seek to reopen briefing, and does not ask the Court to accept any submission it has not already accepted.

## II. BACKGROUND LEADING TO THIS MOTION

This is a consumer action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., against PNC Bank, National Association and Early Warning Services, LLC ("EWS"). Both Defendants moved to dismiss (ECF 25; ECF 49), and both motions are fully briefed and pending.

Plaintiff opposed EWS's motion and later updated that opposition. EWS filed a reply (ECF 62). Believing that the reply advanced arguments, characterizations, and procedural positions raised for the first time on reply, Plaintiff moved for leave to file a surreply (ECF 63) and submitted a revised proposed surreply (ECF 66) narrowly directed to those new matters. A related motion (ECF 65) addressed both a surreply and, in the alternative, an opposition.

On July 22, 2026, the Court granted leave (ECF 63), accepted the revised proposed surreply (ECF 66) as the surreply, treated ECF 65 as moot insofar as it concerned an opposition, granted it in part as to the surreply and denied it in part as to the opposition, and stated that no additional briefing on the pending motions to dismiss is appropriate or necessary at this time.

2

The Court indicated it will resolve the motions to dismiss in due course. This motion follows and is limited to how the accepted Surreply is to be considered.

## III.  GOVERNING STANDARDS

**A.  Rule 54(b).**  The July 22 Order is interlocutory. Under Rule 54(b), an order that does not adjudicate all claims "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). The Court therefore retains full authority to clarify or revisit the Order's treatment of the Surreply without any heightened showing.

**B.  Surreplies in this District.**  A surreply is not a creature of the Federal Rules; it is governed by Local Rule 105.2(a), which permits a surreply with leave of Court. Leave is appropriately granted where a reply raises matters the nonmovant had no prior opportunity to address. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). The Court has already exercised that discretion in Plaintiff's favor by accepting ECF 66 as the surreply.

**C.  Construction of pro se filings by substance.**  A "document filed *pro se* is to be liberally construed," and is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); accord *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (per curiam). That principle is not confined to complaints; the Supreme Court's reference to a "document" filed *pro se* reaches motions and briefs as well. The Fourth Circuit accordingly evaluates a *pro se* litigant's filing by its substance and the relief it seeks rather than by its form or caption, and treats it as sufficient where it is the functional equivalent of what the rule requires. *United States v. Garcia*, 65 F.3d 17 (4th Cir. 1995); see *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (technical requirements should not be permitted to defeat a *pro se* litigant's colorable rights).

This solicitude applies in motion practice, not only at the pleading stage. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

## IV.  ARGUMENT

**A.  Because the Surreply was accepted "as the surreply," it should be considered in full according to its substance.**

The Court accepted ECF 66 *as the surreply*. Under the authorities above, that acceptance carries with it the ordinary rule that a *pro se* filing is read for what it substantively argues. The Surreply is directed, by its own terms, to matters Plaintiff contends were first raised or materially expanded in EWS's reply—among them EWS's request that the Court disregard Plaintiff's updated opposition, EWS's "internal contradiction" theory concerning § 1681g, EWS's contention that discovery is legally irrelevant, EWS's challenge to Plaintiff's use of pattern materials, and EWS's request for dismissal with prejudice. Considered by its substance, the Surreply is a response to the reply, and Plaintiff respectfully asks the Court to consider it as such in full.

**B.  To the extent any passage could be read as broader than a strict reply-rebuttal, the proper course is to construe it by substance, not to disregard it.**

Plaintiff recognizes that a surreply is properly confined to new matters raised in a reply, and he does not seek to exceed that function. To the degree any individual passage of the Surreply might be viewed as restating the applicable standard of review or as reinforcing a point from the opposition, the settled approach to *pro se* filings is to read the document for its responsive substance rather than to strike or ignore it on a matter of form. *Garcia*, 65 F.3d 17; *Gordon*, 574 F.2d at 1151. Courts in this District apply that same substance-over-form approach to *pro se* motions. *See Glenn v. Wells Fargo Bank, N.A.*, No. 8:15-cv-03058-PX (D. Md. Mar. 3,

4

2017) (liberally construing a *pro se* litigant's informal filing according to its substance). Plaintiff asks only for that ordinary construction.

### C. Plaintiff seeks no additional briefing and respects the Court's direction.

Plaintiff is mindful that liberal construction does not relieve a *pro se* litigant of the rules of procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). For that reason Plaintiff does not ask to file a further opposition, to supplement the record, or to reopen briefing on the motions to dismiss. He asks only that the Surreply already accepted by the Court be considered in full according to its substance. That request is fully consistent with the Court's statement that no additional briefing is necessary at this time.

### V.        ANALYSIS

Intellectual standards that guide Plaintiff's submissions confirms that the limited relief sought is reasonable:

**Purpose.** The purpose of this motion is narrow and preservative: to confirm the standard by which an accepted *pro se* surreply is considered, not to add argument.

**Question at Issue.** The question is not whether more briefing is warranted—Plaintiff agrees it is not—but whether the accepted Surreply will be read for its substance. It should be.

**Relevance.** The liberal-construction authorities are directly relevant because the document at issue is a *pro se* filing the Court has already accepted.

**Fairness.** Considering the Surreply by its substance is fair to both sides: it holds Plaintiff to the surreply's proper function while ensuring his responsive points are not lost to form.

**Logic.** It follows from the acceptance of ECF 66 "as the surreply," together with the rule that *pro se* filings are construed by substance, that the document should be considered in full.

## VI.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) clarify that Plaintiff's accepted Surreply (ECF 66) will be considered in its entirety according to its substance under the standard governing *pro se* filings; or (2) in the alternative, to the extent the July 22, 2026 Order is read to exclude any portion of the accepted Surreply, reconsider that Order under Rule 54(b) and consider the Surreply in full. Plaintiff seeks no additional briefing and no expansion of the record, and requests such other relief as is just.

Respectfully submitted,

_____

Gary Hamilton

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2026, a true and correct copy of the

foregoing was sent via  U.S. Mail, first-class, postage prepaid  upon counsel(s) of record as

follows:

Elizabeth M. Briones (MD Bar 30844)
Troutman Pepper Locke LLP
401 9th St., N.W., Suite 1000
Washington, DC 20004-2134
Email: elizabeth.briones@troutman.com
Counsel for Defendant Early Warning Services, LLC

Counsel for Defendant PNC Bank, National Association
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006

_____
Gary Hamilton
Plaintiff, Pro Se